**SLOCUMB v. GRAY et al.**

No. 10186.

United States Court of Appeals
District of Columbia Circuit.

Argued June 14, 1949.

Decided Dec. 5, 1949.

Mr. William A. Roberts, Washington, D. C., with whom Mr. Robert E. McLaughlin and Mrs. Irene Kennedy, Washington, D. C., were on the brief, for appellant.

Mr. David A. Turner, Assistant Associate Solicitor, Washington, D. C., with whom Messrs. Edward E. Odom, Solicitor, George P. Hughes, Assistant Solicitor, Veterans Administration, George Morris Fay, United States Attorney, Joseph M. Howard and Ross O'Donoghue, Assistant United States Attorneys, Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER and PRETTYMAN, Circuit Judges, and HOLTZOFF, District Judge, sitting by designation.

WILBUR K. MILLER, Circuit Judge.

Willie G. Slocumb, a veteran of World War II and a licensed commercial photographer, applied on April 19, 1948, to a regional office of the Veterans Administration for permission to take a course in flight training under the provisions of the Servicemen's Readjustment Act of 1944, as amended, 58 Stat. 284, 59 Stat. 463, 59 Stat. 623, 60 Stat. 299, 38 U.S.C.A. § 693 et seq., 58 Stat. 287, 38 U.S.C.A. § 701(f). He told the regional office he wished to learn to fly in order to become a commercial aerial photographer.

An appropriation act[1] approved June 30, 1948, provided funds to pay for the education and training of veterans au-

1. The Supplemental Independent Offices Appropriation Act, 1949, 62 Stat. 1201.

thorized by Title II of the Readjustment Act, but also provided that no part of the appropriation should be expended for courses determined by the Administrator to be avocational or recreational. That limitation was itself limited, however, by this stipulation:

"* * * For the purpose of this proviso, education or training for the purpose of teaching a veteran to fly or related aviation courses in connection with his present or contemplated business or occupation shall not be considered avocational or recreational."

Simultaneously with the effective date of the appropriation act, the Administrator of Veterans' Affairs promulgated a regulation which he termed "Instruction No. 1", which included the following:

"An elementary flight or private pilot course or a commercial pilot course elected by a veteran in an approved school shall not be considered avocational or recreational in character if the veteran submits to the regional office (1) complete justification that such course is in connection with his present or contemplated business or occupation and (2) satisfactory evidence that he is physically qualified to obtain the type of license which will enable him to attain his employment objective. Such justification and evidence must be submitted to and approved by the regional office prior to his entrance into training."

Under date of July 16, 1948, the regional office wrote to the appellant advising him of the limitation placed by the statute and regulation on expenditure of the appropriation and adding:

"* * * The justification, which you submitted along with Veterans Administration Form 7-1905e, does not appear adequate.

"If you so desire, you may request an appointment to obtain advisement and guidance for final determination to be made as to whether or not you will be allowed to pursue this course of training.

"If you desire advisement and guidance, you should contact the Veterans Administration Office, Norfolk, Virginia, for an appointment to obtain counseling and, at that time, a final determination will be made in your case."

Pursuant to this suggestion the appellant went to Norfolk on August 24, 1948, and took a series of aptitude and psychological tests, and, as his complaint says:

"* * * on this occasion he described in detail the fact that he earns a substantial part of his livelihood as a licensed commercial photographer, that he has on several occasions made aerial photographs for hire, and that he wishes to make a career of aerial commercial photography; * * *."

The decisions of the regional office of the Veterans Administration was communicated to Slocumb by the following letter, dated September 16, 1948:

"Further reference is made to your request to enroll in the above-named course. You have received educational and vocational guidance. Consideration has been given to all the evidence submitted in your case, including the additional evidence developed through the Advisement and Guidance procedures, and it is determined that you have not established that the above-named course is in connection with your present or contemplated business, or occupation or educational objective. Therefore your request to enroll in this course is disapproved.

"If you have no further evidence to submit, but have substantial reason to believe that the decision is not in accordance with the law and the facts in your case, you may appeal to the Administrator of Veterans' Affairs at any time within 1 year from the date of this letter. If you wish to appeal, you should so inform this office, and you will be furnished with VA Form P-9 for that purpose."

Without availing himself of the right of appeal to the Administrator, the appellant sued that officer, two of his assistants and the Director of Training Facilities of the Veterans. Administration, in the United States District Court for the District of Columbia. The complaint, which purported to be on behalf of Slocumb and all others similarly situated, attacked the reg-

ulation known as Instruction No. 1 as being an unauthorized modification of the statute pursuant to which it was promulgated and, therefore, illegal and void. The attack was based on the theory that the Administrator must accept appellant's "bonafide declaratory statement", if unrebutted, and that by requiring "complete justification" the regulation nullified the statute. This appears from the prayer of the complaint which was for a preliminary and then a permanent injunction against the appellees, and those acting for them, for the purpose of

"(a) Restraining and enjoining them from enforcing or giving effect to Instruction No. 1, promulgated by the Veterans Administration under Public Law 862, 80th Congress, in any and all relations to applications for flight training under the Readjustment Act; and

"(b) Requiring them to comply with the terms of the Proviso related to readjustment benefits in the said Public Law 862 of the 80th Congress by accepting a bonafide declaratory statement of an applicant for flight training that the course is to be used in connection with his present or contemplated business or occupation as sufficient evidence, in the absence of a rebuttal by the Veterans Administration, to remove the veteran's application from the operation of the said Proviso."

The District Court dismissed for lack of jurisdiction.

The Administrator, in using the layman's expression "complete justification", could have meant no more than "convincing evidence", and we attribute that meaning to the term. Since he was the person to be convinced, it was his right and duty in this case, as in all others, to say whether the evidence submitted was convincing to him; and, under the mandate of Congress, his answer may not be reviewed by any court.

The proviso in the appropriations act upon which appellant relies does not declare, without reservation, that education or training for the purpose of teaching a veteran to fly shall not be considered avocational or recreational. It qualifies the declaration in this fashion:

"* * * education or training for the purpose of teaching a veteran to fly * * * *in connection with his present or contemplated business or occupation* shall not be considered avocational or recreational." (Emphasis supplied.)

Consequently, whether a desired course in aviation actually will be in connection with the applying veteran's present or contemplated business or occupation, is a question which must be answered in each case. Congress of course knew the duty of making such decisions would fall upon the Administrator. Yet it established no standards to govern the quantity or quality of proof to be required as a basis for the determination.

When the Administrator provided by regulation that an applying veteran must submit "complete justification that such course is in connection with his present or contemplated business or occupation", he was simply setting up a standard which the statute omitted to supply. Had the regulation not been adopted, the Administrator could, nevertheless, follow the same rule in each case as it arose; and use of the standard on an ad hoc basis would then unmistakably be a step in his decisional process, and therefore would not be open to judicial review.[2] We see no difference

---

2. Compare Work v. United States ex rel. Rives, 1925, 267 U.S. 175, at pages 181–182, 45 S.Ct. 252, at page 254, 69 L.Ed. 561, where the Supreme Court said: "* * * Congress did not wish to create a legal claim. It was not dealing with vested rights. It did not * * * make the losses recoverable in a court, but expressly provided otherwise. * * * It hedged the granting of the equitable gratuity with limitations to prevent the use of the statute for the recovery of doubtful or fraudulent claims or merely speculative losses. *It vested the Secretary with power to reject all losses except as he was satisfied that they were just and equitable* and it made his decision conclusive and final. Final against whom? Against the claimant. He could not resort to court to review the Secretary's decision. This was expressly forbidden." (Emphasis supplied.)

in the two methods, so we conclude that this regulation is not subject to judicial scrutiny. It in no way enlarges, restricts or modifies the scope of the statute but is in harmony with it, since it has to do with a matter which was legislatively left to the Administrator's discretion.

■ Appellant says "that notwithstanding immunity from judicial review of such action [the Administrator's ultimate disposition of the matter], however arbitrary or unjust, the Administrator may not by regulation nullify the very statute under which he is required to proceed." The regulation here involved does not in any sense nullify the statute but rather supplements it. Nor is it, in our view, arbitrary or unjust.

In disclaiming jurisdiction, the District Court properly relied upon 38 U.S.C.A. § 705, which says:

"All decisions rendered by the Administrator of Veterans' Affairs under the provisions of * * * this title and * * * of Title 5 or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no * * * court * * * shall have jurisdiction to review by mandamus or otherwise any such decision."[3]

In addition, reliance was placed upon 38 U.S.C.A. § 11a—2, which repeats that, with certain exceptions not here relevant, the Administrator's decision on all questions of law and fact concerning a claim for veterans' benefits shall be conclusive and not subject to review.[4]

■ Under these enactments, the District Court lacked jurisdiction to review the merits of the Administrator's decision on appellant's application,[5] had the administrative proceeding progressed far enough to reach him. Moreover, the authority of Congress to withhold judicial review here is now beyond question.[6] Veterans' benefits are mere gratuities and "the grant of them creates no vested right."[7] "The United States is not, by the creation of claims against itself, bound to provide a remedy in the courts."[8]

We accept the appellant's statement that he is attacking the regulation and not the ruling; and, for the reasons given, we hold the regulation valid. He is not permitted by the statute to attack the ruling, whether made at the intermediate or final administrative level, so we need not consider the effect of appellant's obvious failure to exhaust the administrative process.

Affirmed.

3. 48 Stat. 9, ch. 3, Title I, § 5 (1933). This provision was made applicable to the Servicemen's Readjustment Act by 38 U.S.C.A. § 697.

4. 54 Stat. 1197, § 11 (1940).

5. Snauffer v. Stimson, 1946, 81 U.S.App.D. C. 110, 155 F.2d 861; Van Horne v. Hines, 1941, 74 App.D.C. 214, 122 F.2d 207, certiorari denied 1941, 314 U.S. 689, 62 S.Ct. 360, 86 L.Ed. 552.

6. Van Horn v. Hines, supra; Barnett v. Hines, 1939, 70 App.D.C. 217, 105 F. 2d 96, certiorari denied 1939, 308 U.S. 573, 60 S.Ct. 88, 84 L.Ed. 480.

7. Lynch v. United States, 1934, 292 U.S. 571, 577, 54 S.Ct. 840, 842, 78 L.Ed. 1434.

8. Dismuke v. United States, 1936, 297 U. S. 167, 171, 56 S.Ct. 400, 403, 80 L.Ed. 561.