## Department of Public Instruction et al. v. Parker Body and Fender School, Inc.

*Arthur B. Myers*, for appellant.

*Robert E. Woodside*, Attorney General, and *Frederick R. Snyder*, Special Deputy Attorney General, for Commonwealth.

RICHARDS, P. J., August 16, 1951.—Prior to July 12, 1951, the school operated by defendant had been approved by plaintiffs as a suitable school for the training of veterans under the Servicemen's Readjustment Act of 1944, 58 Stat. at L 284, 38 U. S. C. §693. By letter bearing the above date the approval was revoked. Defendant thereupon appealed to this court. The exceptions filed in connection with the appeal complain that no formal hearing was afforded, that defendant had no opportunity to be heard, that there was no opportunity to cross-examine the witnesses, that there were no findings of fact, no conclusions of law and no adjudication. The court granted a supersedeas. Thereafter plaintiffs filed a motion to dismiss the appeal for lack of jurisdiction in this court. Argument was had on this motion and the case is now ready for decision on the narrow issue raised.

While the appeal does not specifically state that it was brought under the provisions of the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1, this was the contention of appellant. At no time did it base its appeal upon any other statute. In fact, the appeal does not aver the lack of due process as a basis of the complaint.

The Administrative Agency Law contains certain statutory definitions. It prescribes how hearings shall be conducted, what notice shall be given, what rights the parties shall enjoy. The duties of the agency are specified, including the weighing of the testimony, the keeping of a record, the making of findings of fact and conclusions of law and the promulgation of an adjudication. From the adjudication, an appeal is allowed to this court.

Section 2(a) defines adjudication as follows:

"(a) 'Adjudication' means any final order, decree, decision, determination or ruling by an agency *affecting personal or property rights, privileges, immunities or obligations* of any or all of the parties to the proceeding in which the adjudication is made. . . ." (Italics supplied.)

Unless the determination affects the things mentioned, it is not an adjudication and, if it is not an adjudication, no appeal lies in this court under the act.

"It has been held that the benefits provided for veterans under the Servicemen's Readjustment Act 'are mere gratuities and "the grant of them creates no vested right" ' ": Clarke et al. v. Board of Collegiate Authority, 98 N. E. (2d) 273, 276 (Mass. 1951), quoting with approval from Slocumb v. Shay, 179 F.(2d) 31, 34.

It has also been held that the rights of a school rise no higher than the rights of the veteran. Thus in New York Technical Institute of Maryland, Inc., v. Limburg et al., 87 F. Supp. 308, 312, it is said:

"The plaintiff in this case has no greater rights than the veteran himself would have. The benefits are granted by the statute to the veterans and not created for the benefit of the school."

It has been definitely held that no hearing need be afforded on the question of refusal to certify a school as a proper one to give veteran training.

"One may not be deprived of a personal right or a right to property without due process of law. Due process of law may require a judicial hearing. But for one to be entitled to such a hearing by an administrative board it must appear that action by the board will affect his personal or property rights."

After stating what we have quoted above, the Supreme Judicial Court of Massachusetts then added:

"In our opinion the petitioners (the school) have no right to the approval of the board." And "In our opinion action on the application of the petitioners does not involve the adjudication of any personal right or right of property. They were therefore not entitled to a judicial hearing": Clarke et al. v. Board of Collegiate Authority, 98 N. E. (2d) 273, 276, 277.

It seems to be clear, therefore, that defendant had no personal or property rights which could be affected by the decision reached, and the order appealed from was not an adjudication of the personal or property rights of defendant.

Was the approval or refusal to approve the school a matter which affected the "privileges, immunities or obligations" of defendant? Webster's New International Dictionary defines "privilege" as follows:

"A right or immunity granted as a peculiar benefit, advantage, or favor; special enjoyment of a good, or exemption from an evil or burden; a prerogative; a peculiar or personal advantage or right, especially when enjoyed in derogation of common right."

Bouvier's Law Dictionary, inter alia, defines "privilege" as an "Exemption from such burdens as others are subjected to".

Ballentine's Law Dictionary states: "Privilege. Special enjoyment of a good, or exemption from an evil or burden."

In view of the authorities above quoted, we are unable to comprehend how defendant could maintain that it has any special status with reference to certification of its school. There is not the slightest suggestion that it was entitled, as a matter of right, by way of grant, law or otherwise, to certification as an approved school. No school enjoyed this privilege. As was stated in Clarke et al. v. Board of Collegiate Authority, supra, the school has no *right* to the approval. Revoking its approval deprived it of no legal privilege which it enjoyed, for it had no such privilege. As far as "immunities and obligations" are concerned, they are irrelevant in the present case and counsel has made no mention of them.

It is our conclusion, therefore, that the action complained of did not in any way affect the personal or property rights, the privileges, immunities or obligations of defendant. If it did not affect these things, the order or decision was not an adjudication within the meaning of the statute. And if the decision was not an adjudication, no appeal lies to this court under the provisions of the Administrative Agency Law. Hence, the court has no jurisdiction of the appeal and the motion to dismiss the same must be granted.

### Order

And now, to wit, August 16, 1951, the motion to dismiss the appeal for lack of jurisdiction is sustained. The appeal is dismissed at the cost of appellant.