**SILVERSTEIN v. UNITED STATES.**

**No. 11600.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 16, 1953.

Decided Dec. 3, 1953.

Mr. Claude L. Dawson, Washington, D. C., for appellant.

Mr. Russell Chapin, Washington, D. C., Attorney, Department of Justice, of the Bar of the Supreme Court of Oklahoma, *pro hac vice*, by special leave of Court, for appellee. Mr. Charles M. Irelan, U. S. Atty., and Mr. William R. Glendon, Asst. U. S. Atty., Washington, D. C., at the time the brief was filed, were on the brief, for appellee. Mr. Leo A. Rover, U. S. Atty., and Mr. William J. Peck, Asst. U. S. Atty., Washington, D. C., at the time of argument, entered appearances for appellee. Mr. Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., at the time the record was filed, also entered an appearance for appellee.

Before EDGERTON, PRETTYMAN and FAHY, Circuit Judges.

PRETTYMAN, Circuit Judge.

The United States filed in the District Court for the Southern District of New York a civil action against our appellant Silverstein, as guardian for an incompetent, for an alleged balance due on a bill rendered for board and maintenance of the incompetent at St. Elizabeths Hospital. The action was thereafter transferred to the United States District Court for the District of Columbia. The defendant guardian answered, denying liability.

The case went to trial before a judge without a jury. It was shown, by replies to interrogatories, stipulation as to facts, and documentary evidence, that Joseph M. Gellis, the incompetent involved, had been rated by the Veteran's Administration as permanently and totally disabled from March 1, 1922, to the time of the trial; that disability com-

pensation was in fact paid from 1922 through 1951, except for the period when he was in St. Elizabeths Hospital. It was further shown that the Veterans Administration, through the office of its Chief Attorney, advised the guardian that "The compensation of the veteran was discontinued by reason of the fact that he was being cared for by the Government, was insane, had no wife, child, or dependent parents, and his estate was over $1,500.00." The guardian, accepting this ruling of the Veterans Administration, says that, since her ward was being cared for by the Government and the Government retained for that purpose money which was otherwise due her ward, she does not owe the bill. We agree with this position of the guardian.

 It is said by the appellee United States that the guardian seeks to have the court review the ruling of the Veterans Administration, which we cannot do under the statute.[1] We do not so understand her position. On the contrary, she accepts and in effect treats as unreviewable the decision of the Veterans Administration. She says that since, according to that ruling, her ward was being maintained by the Government, and money belonging to the ward was retained for that purpose, there is no remaining liability on her part.

The judgment of the District Court must be and is hereby reversed, and the case is remanded with instructions to enter judgment for the defendant guardian.

Reversed and remanded.

EDGERTON, Circuit Judge (dissenting).

The incompetent's confinement in St. Elizabeths had nothing to do with his being a veteran. He was committed to the hospital, in 1937, under a statutory provision that when a person convicted of an offense is found to be insane he may be "confined in the hospital for the insane, and said person and his estate shall be charged with the expense of his support in the said hospital." D.C.Code (1929) § 6-374, 31 Stat. 1340. Cf. Code (1940) § 24-301, 34 Stat. 113; Code (1951) § 24-301, 59 Stat. 311.

As a credit against this statutory liability, the incompetent's guardian claims and this court awards compensation which is said to have been "otherwise due" from the Veterans' Administration. In my opinion the award of this credit violates two Acts of Congress.

(1) "In an action by the United States against an individual, evidence supporting the defendant's claim for a credit shall not be admitted unless he first proves that such claim has been disallowed, in whole or in part, by the General Accounting Office, or that he has, at the time of the trial, obtained possession of vouchers not previously procurable and has been prevented from presenting such claim to the General Accounting Office by absence from the United States or unavoidable accident." 62 Stat. 972, 28 U.S.C. § 2406 (1948). The guardian has not offered such proof.

(2) With exceptions not relevant here, "the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions." 38 U.S.C.A. § 11a-2, 54 Stat. 1197, § 11.[1] The Administrator decided that compensation for the period in question was *not* due.

He stated and restated that decision in the very letter from which this court quotes an explanatory sentence. He did so in these words, directly after the sentence the court quotes: *"Our regulations require that in a case of this sort, all

---

1. 54 Stat. 1197 (1940), 38 U.S.C.A. § 11a—2.

1. "Veterans' benefits are mere gratuities and 'the grant of them creates no vested.

right.' 'The United States is not, by the creation of claims against itself, bound to provide a remedy in the courts.'" Slocumb v. Gray, 86 U.S.App.D.C. 5, 8, 179 F.2d 31, 34.

*payments of compensation will cease.* It appears from your letter that you contemplated paying all or part of the charge brought against the estate of the veteran for his care and treatment at St. Elizabeths Hospital and that you desire that the Veterans Administration retroactively pay you as committee of the veteran for your compensation at the rate of $100.00 per month to cover the period embraced in the bill from the hospital for his care and treatment. *You are advised that this cannot be done * * *."* (Emphasis added.) That and only that is what the Administrator decided. The statement the court quotes, "The compensation of the veteran was discontinued by reason of the fact that he was being cared for by the Government, was insane, had no wife, child, or dependent parents, and his estate was over $1,500.00", was nothing but the Administrator's "reason" for his decision to discontinue compensation. The "reason" was the assumed "fact". However erroneous the assumption of fact, and the decision based upon it, may have been, we have no "power or jurisdiction to review" the decision.

The court's hypothesis seems to be that the Administrator decided, not only that the veteran was *not* entitled to compensation, but also that he *was* entitled, at the expense of some unnamed other branch of the Government, to free care in St. Elizabeths. We need not consider whether the Administrator was authorized to make such a decision. He did not purport to make it and was not even asked to make it. The court errs in saying the Government retained money "for that purpose", i. e., the purpose of providing for the veteran's care. The Administrator's letter shows he retained money because he assumed or found as a "fact" that the man "was being" cared for by the Government. To find that he "was being" cared for by the Government is not to decide that he was entitled to be cared for by the Government.

No doubt the Administrator meant that the man was being cared for gratuitously. The assumption of fact was therefore erroneous. But the Administrator's error is not our affair, for we have no power to review his decision. This court is transmuting his assumption of fact, which led to his decision denying relief, into a decision granting relief.