**VAN HORNE v. HINES, Administrator of Veterans Affairs.**

No. 7692.

United States Court of Appeals for the District of Columbia.

Argued May 7, 1941.

Decided June 30, 1941.

Writ of Certiorari Denied Dec. 8, 1941.

See 62 S.Ct. 360, 86 L.Ed. ——.

See, also, 31 F.Supp. 346.

C. L. Dawson, of Washington, D.C., for appellant.

Edward M. Curran, U. S. Atty., Charles B. Murray, Asst. U. S. Atty., Dennis McCarthy, Asst. U. S. Atty., and John M. George, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

GRONER, C. J.

Appellant entered the army in 1917 and was honorably discharged in 1918. He was paid disability compensation under applicable statutes in various amounts from March 15, 1918. From 1926 he received the special statutory allowance of $50 a month for arrested tuberculosis incurred in military service. For a few months during the period of the Economy Act[1] this was reduced to $37.50 per month, but was later increased to $50 per month under the authority of Section 28 of the Act of March 28, 1934.[2] Sometime during the period, appellant separated from his wife, and thereafter the award of compensation was apportioned. In July, 1937, appellant submitted an affidavit to the Veterans' Administration purported to be signed by his wife, in which she refused to accept any part of the compensation awarded her, and appellant thereupon received the full amount. A month and a half later appellant's wife denied, under oath, having signed the affidavit. Appellant was advised of his wife's act of repudiation, but took no action in relation thereto, and in January, 1938, the Central Committee on Waivers and Forfeitures of the Veterans' Administration, apparently without notice to appellant, determined that he had intentionally submitted a false affidavit and had thereby forfeited all rights and benefits to which he was entitled. In 1939 appellant was indicted in the United States District Court for the Western District of Washington under Section

---

[1] Act of March 20, 1933, 48 Stat. 8, 38 U.S.C.A. § 701 et seq.

[2] 48 Stat. 524, 38 U.S.C.A. § 722.

15 of the Economy Act, 38 US.C.A. § 715, for submitting a false affidavit in connection with his claim for compensation. The trial resulted in his acquittal. Subsequently thereto the Committee on Waivers and Forfeitures, without notice to him, reaffirmed its former decision, and appellant then brought this suit in the District Court, alleging that the Administrator had illegally and arbitrarily failed, refused, and neglected to award to appellant the compensation to which he was entitled under the provisions of the World War Veterans' Act, 38 U.S.C.A. § 421 et seq. The complaint prays that the court order and direct the Administrator to perform his ministerial duties by awarding to appellant compensation in the amount of $50 per month for each and every month, commencing with July, 1937.

The Administrator answered, substantially admitting the facts as stated above, but defending on the ground that appellant had forfeited all rights to any benefits as the result of his violation of Section 15 of the Economy Act[3] and in any event by the forfeiture of his rights under the provisions of Section 504, Title 5, of the World War Veterans' Act,[4] and alleging that the proceedings incident to the decisions of forfeiture were in full accord with the requirements of due process. Both parties moved for summary judgment on the pleadings. The lower court sustained the Administrator's motion, and this appeal followed.

If the question here were simply whether the Administrator could legally invoke a penalty of forfeiture under Section 15 of the Economy Act, without notice or opportunity to appellant to be heard in his own behalf, the answer would be more difficult. Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256; Hines v. United States, 70 App.D.C. 206, 105 F.2d 85; and see, also, Section 17 of the Economy Act, 38 U.S.C.A. § 718. So, also, would there be greater difficulties if the answer turned on the applicability of Section 504 of the World War Veterans' Act, especially in view of appellant's acquittal of the identical charge on which the forfeiture was made. But the real defense of the United States in this case is based upon Section 11 of Public No. 866, 76th Cong., 3d Sess., and under its provisions we are asked to dismiss the appeal for lack of jurisdiction. The pertinent portion of Section 11 reads: "* * * the decisions of the Administrator * * * on any question of law or fact concerning a claim for benefits or payments * * * shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."

This Act was approved October 17, 1940,[5] approximately a year and a half after our decision in Hines v. United States, supra, was sponsored by the Veterans' Administration, and clearly was intended to stop up the gaps created by that decision. The Administrator insists that it has the effect of depriving the courts of jurisdiction to review decisions of the Administrator in all cases and notwithstanding the

---

[3] 38 U.S.C.A. § 715: "Any person who shall knowingly make or cause to be made, or conspire, combine, aid, or assist in, agree to, arrange for, or in any wise procure the making or presentation of a false or fraudulent affidavit, declaration, certificate, statement, voucher, or paper, or writing purporting to be such, concerning any claim for benefits under sections 701 to 721 of this title, shall forfeit all rights, claims, and benefits under such sections, and, in addition to any and all other penalties imposed by law, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or both."

[4] 38 U.S.C.A. § 555: "Any person who shall knowingly make or cause to be made, or conspire, combine, aid, or assist in, agree to, arrange for, or in any wise procure the making or presentation of a false or fraudulent affidavit, declaration,

certificate, statement, voucher, or paper, or writing purporting to be such, concerning any claim or the approval of any claim for compensation or maintenance and support allowance, or the payment of any money, for himself or for any other person, under Parts II or IV of this chapter, shall forfeit all rights, claims, and benefits under said titles, and, in addition to any and all other penalties imposed by law, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or by both such fine and imprisonment, for each such offense."

[5] "An Act To amend section 202 (3), World War Veterans' Act, 1924, as amended, to provide more adequate and uniform administrative provisions in veterans' laws, and for other purposes", 54 Stat. 1197, 38 U.S.C.A. § 11a—2.

appeal, as in the present case, was perfected prior to the time of its enactment. The Administrator tells us that the act was passed in supplement to Section 5 of the Economy Act to reach all classes of benefit claims, including those to which in Hines v. United States we had held Section 5 not applicable. And this view is strongly supported by the report of the Senate Committee where it is said: "Section 11 provides for the finality of decisions made by the Administrator of Veterans' Affairs on questions relating to claims made under any of the laws administered by the Veterans' Administration. The purpose of this section is to provide for the uniform application of the rule which is now applicable in the case of most such claims."[6]

We think the Administrator's position is correct. There can be no doubt that veterans' benefits are gratuities and establish no vested rights in the recipient. See Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434; White v. United States, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530. And this being so, such benefits may be withdrawn at any time by act of Congress, and to make the withdrawal effective, Congress may in turn withdraw jurisdiction from the courts over decisions of the Administrator in relation thereto. Kline v. Burke Constr. Co., 260 U.S. 226, 234, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Barnett v. Hines, 70 App.D.C. 217, 105 F.2d 96. If, therefore, Congress has by the passage of the act withdrawn jurisdiction, it is of no consequence that the act became effective after the trial below and during the pendency of the appeal in this court, for the rule is well established that, where jurisdiction conferred by statute is prohibited by a later statute, jurisdiction ceases and causes pending at the time of the later enactment must be dismissed. See Hallowell v. Commons, 239 U.S. 506, 36 S. Ct. 202, 60 L.Ed. 409, White v. United States, supra, and also Smallwood v. Gallardo, 275 U.S. 56, 62, 48 S.Ct. 23, 24, 72 L.Ed. 152, where the Supreme Court said: "When the root is cut the branches fall."

And this brings us to the single question, whether the act on its face shows that Congress meant to withdraw from the jurisdiction of the courts every final decision of the Administrator in relation to benefit payments in the nature of gratui-

ties provided for under the act. We think this unmistakable intent is shown by the language of the act, and that the plain meaning of the words used brings us necessarily to this result, for the language is that the court shall not consider or review questions of law or fact "concerning a claim for benefits or payments". The words—concerning a claim for payments—can have no other meaning than—having relation to—such payments, and whatever the language of the prayer of the present complaint, the obvious purpose of the suit is to require the Administrator to resume benefit payments to appellant which the Administrator has decided appellant has forfeited all right to. Undoubtedly, if we hold here as appellant asks, the judgment we should direct would require the Administrator to pay appellant the money benefits accruing since 1937 and those to accrue hereafter,—otherwise the action would be bootless,—and to do this we would have to review the Administrator's decision "concerning a claim for * * * payments", and this the statute in plain words forbids.

Our view is that, jurisdiction having been withdrawn, the order of dismissal (on the merits) should be, and is, affirmed, but on the ground of lack of jurisdiction.

Affirmed.

---

[6] Report of the Committee on Finance of the United States Senate, 76th Cong., at p. 11.