### SIEGEL v. UNITED STATES et al.
### Civ. No. 9751.

United States District Court
E. D. New York.
Dec. 14, 1949.

Sidney O. Raphael, New York City, attorney for plaintiff, Sidney Z. Searles, New York City, of counsel.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., Nathan Borock, Assistant United States Attorney, Brooklyn, N. Y., of counsel.

GALSTON, District Judge.

The defendants on the complaint alone move to dismiss the complaint.

The plaintiff brings her action pursuant to the provisions of 38 U.S.C.A. § 472(d), as amended, and under the authority conferred by the Administrative Procedure Act of June 11, 1946, Title 5 U.S.C.A. §§ 1001–1011, for a widow's death compensation for the period from April 21, 1945 to June 5, 1947.

From the complaint it appears that the plaintiff is the widow of one Sergeant Isidore M. Seltzer, a soldier of the United States Army who was killed in action on April 21, 1945 while serving in Germany with the 86th Infantry Division. In August, 1945, plaintiff applied to the Veterans Administration for widow's war-time service-connected death compensation. She alleges that upon the filing of her petition she was advised by a representative of the Veterans Administration, who was as signed by that bureau to instruct and counsel widows, that she was not entitled to compensation by reason of the provisions of 38 U.S.C.A. § 503(c), which provides the payment of compensation shall not be made to any widow without child whose annual income exceeds $1000. It further appears from the complaint that relying on such advice the plaintiff did not file any further evidence of proof of marriage, though in October, 1945, she received a written request to furnish evidence of her marriage to her deceased husband, and that failure to submit evidence might preclude any payment being made on her pending application. She then alleges that relying upon "the prior improper and incorrect advice and counsel of the Veterans Administration * * * and solely because of such misleading and erroneous advice * * *" she did not submit additional evidence of her marriage.

The complaint then proceeds by alleging that in 1946 she learned from the Red Cross that she was entitled to death com-

pensation, despite her earnings of over $1000 as a stenographer. She alleges that thereafter she re-applied for such payment, and the defendant, Veterans Administration, approved the claim from June 5, 1947.

The complaint alleges that by the denial of the Veterans Administration to grant her compensation from the time of the death of her husband to June 5, 1947, the defendants acted arbitrarily, capriciously, unreasonably and in violation of their obligation to assist surviving widows of war veterans whose deaths were connected with military service. She alleges then that she appealed to the Board of Veterans Appeals, and that her appeal was rejected on the ground that plaintiff had not furnished proof of marriage. There is further allegation that the Veterans Administration had within its control records and documents indicating that plaintiff was in truth and in fact the widow of the deceased veteran during all of the time that her petition for compensation was denied.

█ It is not disputed by the plaintiff that she did not submit evidence of her marriage as requested by the Veterans Administration within one year from the filing of her petition. The Veterans Administration had adopted certain regulations, one of which, 2(a), Part 1, para. 1, (a) (1) (2), pursuant to the authority of Section 19, Public Law No. 2, 73rd Congress, 38 U.S.C.A. § 720, reads:

"(a) The effective date of an award of pension shall be fixed in accordance with the facts found, except that:

"(1) No award of disability or death pension shall be effective prior to the date of the veteran's separation from service, date of the veteran's death, date of the happening of the contingency upon which disability or death pension is allowed, or the date of receipt of application therefor, whichever is the later date."

"(2) In the event the claimant's application is not complete at the time of original submission, the Veterans Administration will notify the claimant of the evidence necessary to complete the application and if such evidence is not received within one year from the date of request therefor, pension may not be paid by virtue of that application."

It is contended that this regulation was in full force and effect at the time of the death of the husband of the plaintiff. Thus it would appear from the face of the complaint that the plaintiff did not provide the Veterans Administration with the evidence which it requested within one year from the date of the request. Moreover it is the contention of the defendants that this court has no jurisdiction over the subject matter of the action; first because judicial review of the Administrator's decision is specifically barred by statute. Title 38 U.S.C.A. § 11a–2 provides:

"Notwithstanding any other provisions of law, except as provided in section 445 of this title, as amended, and in section 817 of this title, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions. Oct. 17, 1940, c. 893, § 11, 54 Stat. 1197."

It would appear from the authorities that the decisions of the Administrator with regard to claims of the kind asserted by this plaintiff are final. See Lynch v. United States, 292 U.S. 571, at page 587, 54 S. Ct. 840, 78 L.Ed. 1434; Snauffer v. Stimson, 81 U.S.App.D.C. 110, 155 F.2d 861; Van Horne v. Hines, 74 App.D.C. 214, 122 F.2d 207, certiorari denied 314 U.S. 689, 62 S.Ct. 360, 86 L.Ed. 552; and Barnett v. Hines, 70 App.D.C. 217, 105 F.2d 96, certiorari denied 308 U.S. 573, 60 S.Ct. 88, 84 L.Ed. 480.

Moreover, 38 U.S.C.A. § 705, commonly referred to as Sec. 5 of the Economy Act of 1933, c. 3, Title 1, Sec. 5, 48 Stat. 9, also provides that decisions rendered by the Administrator of Veterans' Affairs under the provisions of the sections listed, "shall be final and conclusive" and that "no other official or court of the United States shall have jurisdiction to review * * * any such decision."

558

There is, however, left open this possibility in respect to jurisdiction. The plaintiff alleges that the Veterans Administration in reaching the conclusions and findings rejecting the plaintiff's claim acted arbitrarily and capriciously. The difficulty is that as the complaint is framed the language really sets forth only conclusions of law and not facts which support the conclusions, see Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256.

By virtue of the jurisdiction conferred by statute as already noted, whether plaintiff's compensation award should be made effective as of April 21, 1945 rather than as of June 5, 1947, is an administrative function delegated to the Administrator of Veterans Affairs and outside the province of judicial review. This fact, however, does not preclude all judicial relief. The function of the courts, in matters involving administrative actions in which the Congress has not expressly provided for judicial review, is "not one of review but essentially of control—the function of keeping them within their statutory authority." Mr. Justice Brandeis, dissenting in Crowell v. Benson, 285 U.S. 22, 89, 52 S.Ct. 285, 307, 76 L.Ed. 598, and cases cited; see also Degge v. Hitchcock, 229 U.S. 162, 171, 33 S.Ct. 639, 57 L.Ed. 1135, and cases cited; Dismuke v. United States, 297 U.S. 169, 172-173, 56 S. Ct. 400, 80 L.Ed. 561. Thus it is recognized that where the equity powers of the court are properly invoked by a clear showing that the administrative officer acted in excess of the jurisdiction conferred, appropriate relief may be obtained.

In the instant case, therefore, although it may not be possible judicially to determine the effective date of the award, the court as a court of equity can upon an adequate showing order a rehearing by the Veterans Administration.

The motion, therefore, to dismiss the complaint is granted with the right, however, to the plaintiff to file an amended complaint within twenty days from the entry of the order on this motion. Settle order on notice.