**HAHN v. GRAY, Jr., Administrator of Veterans' Affairs.**

**No. 11522.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 10, 1953.

Decided April 2, 1953.

Mr. Harlan Wood, Washington, D. C., for appellant.

Mr. David Orlikoff, Attorney, Department of Justice, Washington, D. C., *pro hac vice*, by special leave of Court, with whom Mr. Charles M. Irelan, U. S. Atty., Washington, D. C., was on the brief, for appellee. Mr. Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., at the time brief was filed, was also on the brief, for appellee. Messrs. William E. Kirk, Jr., Asst. U. S. Atty., and David A. Turner, Associate Solicitor, United States Veterans Administration, Washington, D. C., also entered their appearances for appellee.

Before CLARK, WILBUR K. MILLER and PROCTOR, Circuit Judges.

CLARK, Circuit Judge.

Appellant Ida Hahn received a pension under Vet.Reg.No. 1(a), Part II, Par. III, 38 U.S.C.A. ch. 12, as the unremarried widow of a veteran. This pension was discontinued, pursuant to Reg. No. 2(a), Part I, Paragraphs III(d) and IV(a), 38 U.S.C.A. ch. 12, when, in 1947, she went through another marriage ceremony. Some time later, a New York court annulled the second marriage on the ground that it had been procured by fraud, and Mrs. Hahn

thereupon applied to appellee for restoration of her pension. The application was denied by all of the adjudicating authorities of the Veterans' Administration and by the Board of Veterans' Appeals. This action for a mandatory injunction followed and was decided adversely to the plaintiff by the District Court.

■ The Act of March 20, 1933,[1] popularly known as the Economy Act, provides that "no .* * * court of the United States shall have jurisdiction to review * * * any * * * decision" of the Administrator of Veterans' Affairs with respect to the provisions upon which appellant's claim was based. It was the purpose of that statute to remove the possibility of judicial relief even if the action of the Administrator was arbitrary and capricious. Lynch v. United States, 1934, 292 U.S. 571, 587, 54 S.Ct. 840, 847, 78 L.Ed. 1434.

Appellant asserts that the "harshness" of application of the Economy Act was ameliorated by Sec. 11 of the Act of October 17, 1940,[2] and attempts to draw a distinction between a claim for benefits or payments— which admittedly is not reviewable—and this case, where, according to appellant, the Administrator is seeking to deny the "very living existence" of the claimant. We find no merit in that argument. Obviously, the Administrator is concerned with the existence or non-existence of Mrs. Hahn only insofar as she presents a claim for benefits or payments, and, as a matter of fact, it is precisely from a denial of her claim for a benefit that this action was initiated. Since Congress withdrew from the jurisdiction of the courts every final decision in relation to benefit payments, Van Horne v. Hines, 74 App.D.C. 214, 122 F.2d 207, certiorari denied, 1941, 314 U.S. 689, 62 S.Ct. 360, 86 L.Ed. 552, and since there can be no doubt as to its power so to do, because such benefits are mere gratuities, Slocumb v. Gray, 1949, 86 U.S.App.D.C. 5, 179 F.2d 31, the District Court lacked jurisdiction to entertain this action.

■ However, even assuming that the courts could review actions of the Administrator with respect to claims of this type, appellant still would not prevail. While we can not agree with the view of the Board of Veterans' Appeals that because the United States was not a party to the annulment action it was not bound by the judgment therein, we hold that the decree of annulment in New York did not have the effect claimed for it by appellant.

Under New York law, some marriages, such as those involving incest or bigamy, are void *ab initio*, but others, including marriages induced by fraud, are merely voidable, and are valid for all purposes until judicially declared void. Domestic Relations Law, §§ 6, 7, and notes 14 McKinney's Consolidated Laws of New York Annotated c. 14, pp. 7, 23 (1941 ed.).

■ So in this case. The decree annulling Mrs. Hahn's second marriage, by its very terms, merely dissolved the marriage "heretofore existing" between the parties; it did not purport to render the marriage void from its very inception. Moreover, that decree did not become effective until three months after it was handed down. The only possible conclusion is that Mrs. Hahn was legally remarried for some period of time; namely, from the date of the ceremony until three months after entry of the annulment decree. Under the circumstances, appellant was no longer the unremarried widow of a veteran and was properly denied restoration to the pension rolls.

Affirmed.

1. 48 Stat. 9 (1933), 38 U.S.C.A. § 705.
2. "Notwithstanding any other provisions of law, * * * the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions." 54 Stat. 1197, 38 U.S.C.A. § 11a–2.