Raymond W. LONGERNECKER,
Appellant,

v.

Harvey V. HIGLEY, Administrator, Veterans Administration, Appellee.

No. 12568.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 14, 1955.

Decided Dec. 22, 1955.

Mr. Richard H. Nicolaides, Washington, D. C., (appointed by the District Court) for appellant.

Mr. John G. Laughlin, Atty., Department of Justice, with whom Asst. Atty. Gen. Warren E. Burger, Mr. Leo A. Rover, U. S. Atty., and Mr. Paul A. Sweeney, Atty., Dept. of Justice, were on the brief, for appellee. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

PRETTYMAN, Circuit Judge.

Our appellant, Longernecker, brought an action in the District Court, praying the court to declare that certain actions of the Administrator of the Veterans Administration were without authority and contrary to law. He had been in the United States Army and, subsequent to a summary court-martial, had been issued a discharge certificate, technically W. D. A. G. O. Form 56, known colloquially as a "blue" discharge. This certificate signified separation from the service under conditions neither honorable nor dishonorable. Longernecker filed applications with the Veterans Administration for educational training as an electrician. The Administrator denied the applications.

The District Court was met at the outset with two provisions of law which prevented it from giving consideration to Longernecker's claims. One is

an Act of 1933,[1] appearing in the United States Code as Section 705 of Title 38, and the other is an Act of 1940,[2] which appears as Section 11a–2 of the same Title. The former reads as follows:

"All decisions rendered by the Administrator of Veterans' Affairs under the provisions of sections 701 [subsection (f) of which covers educational benefits] * * * of this title or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

The 1940 Act reads as follows:

"Notwithstanding any other provisions of law, except as provided in sections 445 and 817 of this title, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."[3]

■ Although we think the Veterans Administrator should have felt himself bound by the decision of the War Department as to the nature of the discharge,[4] it is conclusively established that the foregoing provisions of the statute withdraw from the jurisdiction of the courts every final decision of the Administrator of Veterans' Affairs in regard to benefits to veterans, with the exception of insurance benefits.[5]

The judgment of the District Court is

Affirmed.

1. 48 Stat. 9.

2. 54 Stat. 1197.

3. The exceptions relate to insurance and are immaterial here.

4. Part VIII of Veterans' Regulation Numbered 1(a), as amended, 38 U.S.C.A. c. 12A, Reg. #1(A), Part VIII, is incorporated in the statute, 57 Stat. 43 (1943), as amended, 38 U.S.C.A. § 701(f), by reference. The statute reads:
"Any person who served in the active military or naval forces on or after September 16, 1940, and prior to the termination of hostilities in the present war, shall be entitled to vocational rehabilitation subject to the provisions and limitations of Veterans' Regulation Numbered 1(a), as amended, part VII, or to education or training subject to the provisions and limitations of part VIII."
Part VIII of Veterans' Regulation Numbered 1(a) provides in pertinent part:
"Any person who served in the active military or naval service * * *, and who shall have been discharged or released therefrom under conditions other than dishonorable, * * * shall be eligible for and entitled to receive education or training * * *."

Longernecker received a certificate of discharge other than dishonorable. There were three types of discharge. Two of them, an honorable discharge and a blue certificate, were other than dishonorable. Thus the conditions under which he was discharged were determined by the War Department itself when it discharged him. It would not appear that Congress intended the Administrator of Veterans' Affairs to have power to change a decision of the War Department as to the reasons or grounds upon which that Department discharges a serviceman. It surely did not intend, for example, that the Administrator could decide that although a man had an honorable discharge he should have had a dishonorable discharge.

5. Hahn v. Gray, 92 U.S.App.D.C. 188, 203 F.2d 625 (D.C.Cir.1953); Slocumb v. Gray, 86 U.S.App.D.C. 5, 179 F.2d 31 (D.C.Cir.1949); Snauffer v. Stimson, 81 U.S.App.D.C. 110, 155 F.2d 861 (D.C. Cir.1946); Van Horne v. Hines, 74 App. D.C. 214, 122 F.2d 207 (D.C.Cir.1941), certiorari denied, 1941, 314 U.S. 689, 62 S.Ct. 360, 86 L.Ed. 552; Barnett v. Hines, 70 App.D.C. 217, 105 F.2d 96, (D.C.Cir.1939), certiorari denied, 1939, 308 U.S. 573, 60 S.Ct. 88, 84 L.Ed. 480.