**Abbey Madolyn COOK, Appellant,**

v.

**Harvey V. HIGLEY, or his Successor, Administrator of Veterans' Administration, Appellee.**

**No. 13418.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 24, 1956.

Decided Nov. 8, 1956.

Mr. Albert A. Stern, Washington, D. C., with whom Mr. Homer Brooks, Washington, D. C., was on the brief for appellant.

Mr. Joseph Langbart, Atty., Dept. of Justice, with whom Messrs. Oliver Gasch, United States Atty., and Melvin Richter, Atty., Dept. of Justice, were on the brief, for appellee.

Before BAZELON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant instituted this proceeding in the District Court to obtain a judicial review of a decision by the Administrator of Veterans' Affairs denying compensation or pension to her as the alleged widow of a World War I veteran. Appellee moved to dismiss or, alternatively, for summary judgment, on the grounds that the District Court lacked jurisdiction over the subject matter of the cause and that the complaint failed to state a claim upon which relief might be granted. The motion was granted and the cause dismissed with prejudice, the court relying on 38 U.S.C.A. § 705 and 38 U.S.C.A. § 11a–2.[1]

These sections withdraw from the jurisdiction of the courts every final decision of the Administrator of Veterans' Affairs in regard to claims for benefits or payments such as are asserted by appellant. See Longernecker v. Higley, 1955, 97 U.S.App.D.C. 144, 229 F.2d 27, and Hahn v. Gray, 1953, 92 U.S.App.D.C. 188, 203 F.2d 625.

The judgment of the District Court is

Affirmed.

---

1. 38 U.S.C.A. § 705: *"Conclusiveness of decisions and regulations under this chapter; review prohibited.* All decisions rendered by the Administrator of Veterans' Affairs under the provisions of sections 701, 702, 703, 704, 705, 706, 707–710, 712–715, 717, 718, 720 and 721 of this title or the regulations issued pursuant thereto shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

38 U.S.C.A. § 11a–2: *"Finality of Ad-*

ministrator's decisions on questions concerning claims for benefits or payments. Notwithstanding any other provisions of law, except as provided in sections 445 and 817 of this title [exceptions relating to insurance], the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."