Gliceria Ramos Vda De SINLAO, Appellant,

v.

UNITED STATES of America
and
Sumner G. Whittier, Administrator of Veterans Affairs, Appellees.

No. 14970.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 16, 1959.

Decided Nov. 6, 1959.

As Amended Nov. 30, 1959.

Wilbur K. Miller, Circuit Judge, dissented in part.

Mr. Ross O'Donoghue, Washington, D. C., with whom Miss Mary M. Connelly, Washington, D. C., was on the brief, for appellant.

Mr. Howard E. Shapiro, Atty. Dept. of Justice, for appellees. Asst. Atty. Gen. George C. Doub and Messrs. Oliver Gasch, U. S. Atty., and Morton Hollander and Peter H. Schiff, Attys., Dept. of Justice, were on the brief for appellees.

Before EDGERTON, WILBUR K. MILLER and DANAHER, Circuit Judges.

PER CURIAM.

Appellant sought review of a decision of the Administrator of Veterans Affairs terminating payments of death compensation and National Service Life Insurance under the Veterans' Benefits statute.[1] The Administrator allowed the claims shortly after the death of appellant's husband, an Army private, but ceased payments in 1948. Appellant filed suit in 1957. The District Court dismissed the complaint.

■ The court rightly held that suit on the insurance claim was barred because not brought within the time required by statute, namely "within six years after the right accrued for which the claim is made. * * *" 38 U.S.C. § 784(b).

■■ But unless appellant has remarried, she is entitled to death compensation payments. A "purported remarriage", if "void", would not terminate her rights. 38 U.S.C. § 101(3). She has lived continuously in the Philippines, where a marriage cannot be contracted without a ceremony. There has been no ceremony, and therefore no remarriage unless a "purported" and "void" one. The Administrator ceased payments on the theory that because appellant had lived with a man, and had represented herself as his wife, she was "estopped to deny remarriage". Since there is no showing that the Administrator or the United States has been damaged by reliance on appellant's conduct or representation, there would be no basis for a finding of estoppel, even if we were to assume that a widow might in some circumstances be estopped from asserting her statutory right. The Administrator's rejection of appellant's compensa-

---

1. 38 U.S.C. §§ 101(3), 321, 322; § 602 of the National Life Insurance Act of 1940, 54 Stat. 1009, as amended, 38 U.S.C. § 802(d) (2) (1952).

tion claim cannot be reconciled with the intention Congress has expressed.

■ But Congress has provided, with exceptions not relevant to the compensation claim, that "the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive, and no other official or any court of the United States shall have power or jurisdiction to review any such decision." 38 U.S.C.A. § 211(a) (1958). "It was the purpose of [the] statute to remove the possibility of judicial relief even if the action of the Administrator was arbitrary and capricious." Hahn v. Gray, 92 U.S.App.D.C. 188, 189, 203 F.2d 625, 626. Therefore the District Court rightly held it had no jurisdiction in respect to the compensation claim. Longernecker v. Higley, 97 U.S.App.D.C. 144, 229 F.2d 27. Cf. Cook v. Higley, 99 U.S.App.D.C. 180, 238 F.2d 41. Even in Wellman v. Whittier, 104 U.S.App.D.C. 6, 259 F.2d 163, 169, on which appellant relies, we said: "We have repeatedly recognized that nonreviewability must be accorded to the Administrator's decisions as to claims."

The Administrator may of course correct his own error if he sees fit.

Affirmed.

WILBUR K. MILLER, Circuit Judge [concurring in part and dissenting in part).

I agree that Mrs. Sinlao's suit was barred by limitation insofar as it sought to recover on the insurance claim and I concur to that extent in the court's opinion. But I dissent with respect to the compensation feature.

The widow of a soldier killed in action, who has not remarried,[1] is entitled to compensation at specified monthly rates. 38 U.S.C. § 321. The Administrator found the appellant to be such a widow, allowed her claim for compensation, and for some time issued monthly checks therefor. Later he terminated payments under the award because of his mistaken notion that, by her immoral conduct, the widow was "estopped to deny remarriage," although he admitted remarriage had not in fact occurred. Common law marriage is not recognized in the Philippines where Mrs. Sinlao lived.

This court affirms the District Court's denial of jurisdiction to review the Administrator's action in stopping the payments because of the provision in 38 U.S.C. § 211(a) that "the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments" shall be final, conclusive and unreviewable.

The majority speak of "The Administrator's rejection of appellant's compensation claim." Strictly speaking, there was no rejection. The Administrator's allowance of the appellant's compensation claim placed upon him the duty of issuing a check to her each month as long as she did not remarry. In effect, the statute so provides. As I have pointed out, the Administrator stopped issuing the checks because of his idea that she was estopped to deny remarriage, although he knew no sort of remarriage had in fact occurred. This erroneous conception furnished no basis for terminating compensation payments, so the Administrator's action was an arbitrary and capricious refusal to perform a plain statutory duty.

When Mrs. Sinlao requested the Administrator to continue sending the monthly checks, she was not asserting an original claim for benefits or payments, concerning which his decision is unreviewable. She was claiming the monthly checks which should be issued automatically under an allowed compensation claim. Her petition that the District Court review his arbitrary action should therefore have been treated as an application for a mandatory injunction requiring the Administrator to do his clear statutory duty, as to which he has no discretion. It was not a petition to review the Administrator's denial of a

1. 38 U.S.C. § 101(3).

claim to compensation. His previous award and payment of compensation had been statutorily required by the conditions which existed, and those conditions admittedly had not changed: Mrs. Sinlao was still a widow who had not remarried. In these circumstances, I think the Administrator's termination of the payments because of immoral conduct—which is not a statutory ground of forfeiture—is not insulated from judicial review by the finality provision of 38 U.S.C. § 211(a). The distinction is a close one, but I think it is valid; the finality statute should be liberally construed in favor of the appellant. I cannot believe Congress intended that provision to prevent review of the Administrator's unwarranted action in terminating payments of compensation which he had correctly allowed.