[Civ. No. 9830. Third Dist. Mar. 1, 1960.]

NAN REYNOLDS SPARROW, as Guardian, etc., Petitioner, v. DEPARTMENT OF VETERANS AFFAIRS, Respondent.

John P. Sparrow for Petitioner.

Stuart McHaffie for Respondent.

SCHOTTKY, J.—Petitioner Nan Reynolds Sparrow, as the guardian of the estate of Denis William Drew, a minor, seeks a writ of mandate to compel the Department of Veterans Affairs to provide her son Denis William Drew with the educational benefits which are authorized by sections 890-899 of the Military and Veterans Code.

There is no dispute as to the facts. Denis William Drew is the child of a deceased veteran. His guardian is receiving dependency and indemnity compensation for Denis William Drew and his sister. Denis applied to the Department of Veterans Affairs for educational benefits starting with the beginning of the 1959 fall term of the University of California. The department refused upon the ground that section 896.1 of the Military and Veterans Code, which became effective September 18, 1959, provides that no dependent of a veteran shall be eligible to receive the benefits of this article during the time he shall be entitled to receive federal educational benefits under public law 634 of the Eighty-fourth Congress. Public law 634 was given the title "War Orphans Educational Assistance Act." The statute has now been codified in title 38 of the United States Code. (See §§ 1701-1768.) Section 1701 defines an eligible person as "a child of a person who died of a service-connected disability arising out of active military, . . . service during . . . , World War II, . . ." Section 1710 provides that "Each eligible person shall, . . . , be entitled to receive educational assistance."

There are two questions which must be determined by this court. The first is whether or not the Department of Veterans Affairs properly interpreted the provisions of section 896.1 to mean that a child of a deceased veteran who is eligible for benefits under the federal act is ineligible to receive benefits under the state act. We think that it is evident that the interpretation placed on the statute by the department is correct. The federal statute defines an eligible person as the child of a person who died as the result of a service-connected disability arising out of active military service during a period of armed conflict. The federal statute also provides

that an eligible person is entitled to educational benefits. Clearly the Legislature of this state was familiar with the federal statutes, and when it used the word "entitled" the Legislature meant the word to be given the same meaning as it received in the federal statute. Since petitioner's son is entitled to benefits under the federal statute, he is not entitled to benefits under the state statute. A like result is reached by a consideration of the provisions of section 899 of the Military and Veterans Code that "no person shall receive benefits under this article, who becomes eligible to receive duplicate benefits from any other governmental source."

The second question to be determined is whether or not Denis has a vested right to receive the benefits of state educational assistance because he entered the University of California before the limiting provision became effective and whether or not the statute can be applied to deprive Denis of substantial rights. Denis registered at the University of California on or about September 14, 1959. Section 896.1 of the Military and Veterans Code became effective on September 18, 1959. The leading case on the subject of the nature of veterans benefits, *Van Horne* v. *Hines,* 122 F.2d 207, has held that veterans benefits are gratuities and establish no vested rights. Obviously, if no vested rights are involved, the Legislature was free to place limitations on the right to receive the benefits. Petitioner here can not complain because the Legislature has decided that in order for one to receive educational benefits he must not be entitled to benefits under the federal statute. While Denis may have been entitled to benefits for 4 days, this is a *de minimis* matter which we deem it unnecessary to decide.

No other points require discussion.

The peremptory writ is denied. The alternative writ heretofore issued is discharged.

Van Dyke, P. J., and Peek, J., concurred.