Kenneth STEINMASEL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 1286.

United States District Court
D. South Dakota, S. D.
Jan. 15, 1962.

Martin Weeks, of Bogue & Weeks, Vermillion, S. D., for plaintiff.

Travis H. Lewin, Asst. U. S. Atty., Sioux Falls, S. D., for defendant.

MICKELSON, Chief Judge.

Plaintiff is a veteran of the Armed Forces, and in this action is asserting against the United States a claim for damages for loss of educational benefits under Title 38 U.S.C.A. The United States has filed a motion to dismiss on the grounds that the court lacks jurisdiction under 38 U.S.C.A. § 211(a) and 28 U.S.C.A. § 2680(h). For the purposes of this motion, the facts stated in the complaint must be accepted as true.

In July, 1960, after plaintiff's discharge from the Armed Forces, but prior to his "delimiting date" (the date of the expiration of the time limit within which it was necessary for him to begin using the educational benefits offered to veterans), plaintiff made application for a correspondence course at the University of South Dakota. However, before beginning his correspondence course, plaintiff discussed his educational program with the Veterans' Service Officer at the University of South Dakota, one Lowell Hansen. Hansen suggested to plaintiff that it might be possible to obtain an extension of his "delimiting date," so that plaintiff would be allowed to delay his enrollment at the University until the beginning of the regular school year the following September. Hansen further suggested that he, on plaintiff's behalf, telephone the Veterans' Administration Office in St. Paul, Minnesota, and request such an extension of time. Plaintiff consented to this plan, and Hansen proceeded to telephone the St. Paul Office and consult with one Alfred J. Lamour, an employee in the educational benefits section of said Office. After stating to Lamour the nature of plaintiff's request, Hansen was informed that the desired extension of time could and would be granted upon written application therefor by plaintiff. Plaintiff then immediately submitted such written application to the Veterans' Administration, withdrew his application for enrollment in a correspondence course, and delayed the commencement of his educational program until the beginning of the regular school year—at all times acting in reliance on the representations of Lamour. After having so acted, however, plaintiff subsequently was denied any educational benefits, and was informed by the Veterans' Administration that he was no longer eligible for educational benefits for the reason that he had not enrolled in an educational institution before his "delimiting date." Plaintiff appealed this decision to the Board of Veterans' Appeals, which denied his claim. The Board subsequently granted plaintiff a rehearing, but upon such rehearing, plaintiff's claim again was denied. This rehearing and denial of plaintiff's claim constituted final agency action on the part of the Veterans' Administration.

In his complaint, plaintiff alleges a cause of action under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The complaint subsequently was amended to add a second "cause of action." We treat these two causes of action separately, in inverse order.

Concerning plaintiff's second "cause of action," we find it difficult to determine the theory on which plaintiff seeks relief. After realleging the material facts, this second "cause of action" states that the action of the Veterans' Administration was "arbitrary, unlawful, unreasonable and capricious and in violation of their obligation to assist the plaintiff." It then prays for damages and for "such other and further relief as the Court may deem proper."

Although this second "cause of action" would seem to deserve no more significance than that of a mere allegation that plaintiff has exhausted his administrative remedies, we will consider it for the purposes of this motion as a request for judicial review of the decision of the Veterans' Administrator.

■■ Judicial review of agency action is provided for in the Administrative Procedure Act, 5 U.S.C.A. § 1009, "ex-

cept so far as (1) statutes preclude judicial review * * *." In 38 U.S.C.A. § 211(a), it is stated:

"Except as provided in sections 784, 1661, 1761, and as to matters arising under chapter 37 of this title, [none of which are applicable in this case] the decisions of the [Veterans'] Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision." (Words in brackets supplied.)

It is therefore apparent that Congress has expressly denied the courts any power to review the decisions of the Veterans' Administrator. Brasier v. United States, 8 Cir., 1955, 223 F.2d 762, cert. den. 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800, rehearing den. 350 U.S. 943, 76 S.Ct. 301, 100 L.Ed. 823; Longernecker v. Higley, 1955, 97 U.S.App.D.C. 144, 229 F.2d 27; Hahn v. Gray, 1953, 92 U.S.App.D.C. 188, 203 F.2d 625; Slocumb v. Gray, 1949, 8 U.S.App.D.C. 5, 179 F.2d 31; Van Horne v. Hines, 1941, 74 App.D.C. 214, 122 F.2d 207, cert. den. 314 U.S. 689, 62 S.Ct. 360, 86 L.Ed. 552, rehearing den. 314 U.S. 717, 62 S.Ct. 478, 86 L.Ed. 570. Even if the Veterans' Administration's action was arbitrary and capricious, Congress has given us no jurisdiction to review it. Hahn v. Gray, supra. And there can be no doubt as to the power of Congress to exclude such judicial review, because veterans' benefits are mere gratuities—not rights. Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434 (1934); Hahn v. Gray, supra; Slocumb v. Gray, supra; United States v. Daubendiek, D.C.N.D. Iowa 1959, 25 F.R.D. 50.

Plaintiff relies heavily upon Siegel v. United States, D.C.E.D.N.Y.1949, 87 F. Supp. 555. However, we do not interpret the Siegel case as standing for the proposition that we have the power to review the action of the Veterans' Administration when that agency acts within its statutory authority. Insofar as the Siegel case is limited to the holding that the courts will exercise judicial "control" to hold the Veterans' Administration within its proper jurisdictional boundaries, we agree with it. However, that proposition does not apply to the present case because here, the Veterans' Administration did not overstep its authority. But if, as plaintiff contends, the Siegel case can be construed as giving this court the power to review a decision of the Veterans' Administration upon a question which that agency is given the authority to determine, we do not believe that Siegel truly expresses the law.

For all the foregoing reasons, plaintiff's second "cause of action" fails to state a claim on which we can grant any relief.

Plaintiff's first cause of action is brought under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., and is based on the alleged negligence of employees of the Veterans' Administration. Plaintiff contends that such is an independent cause of action—not a review of the action taken by the Veterans' Administration—and that it is therefore not precluded by 38 U.S.C.A. § 211(a). We seriously doubt that plaintiff may be allowed to sidestep the thrust of that statute by the form of his pleadings. See: Van Horne v. Hines, supra; DiSilvestro v. United States, D.C.E.D.N.Y.1960, 181 F.Supp. 860, aff'd 2 Cir., 228 F.2d 516. However, we find it unnecessary to determine whether 38 U.S.C.A. § 211(a) may operate to defeat an action brought under the Tort Claims Act, because we find that plaintiff has not stated a cause of action under that Act.

28 U.S.C.A. § 2680 provides:

"The provisions of this chapter and section 1346(b) of this title shall not apply to— * * *

"(h) Any claim arising out of * * * misrepresentation * * *."

Here, even though plaintiff purports to bring his action on a theory of negligence, it is apparent that plaintiff's claim "arises out of" misrepresentations.

Plaintiff's complaint alleges that the negligence of the Veterans' Administration and its employees consisted of the following:

"(a) in failing to properly grasp and understand the facts involved in the plaintiff's questions and problem.

"(b) in failing to properly advise him on the law relating thereto.

"(c) in formulating the opinion and statement hereinafter described.

"(d) in making and rendering a false and erroneous statement, opinion and conclusion as to plaintiff's right to postpone his enrollment as aforesaid and the further negligence and carelessness of the defendant and its agents after they had misinformed the plaintiff as to his rights and had knowledge that based on said false opinions and statements, the plaintiff had acted and was continuing to act to his detriment

"(a) in failing to promptly, diligently and properly process and act upon the plaintiff's application for benefits, and

"(b) in failing promptly to inform the plaintiff of the necessity of his immediate commencement of his training and educational program when they had the opportunity and duty so to do. * * *"

Thus, plaintiff has carefully set out several allegations of negligence, and has sought to avoid basing his action on a theory of misrepresentation.

In substance, however, all the alleged acts of negligence which are actionable (no action lies for the mere failure to understand facts or for the mere formulation of an erroneous opinion), consist of false representations or concealments. It is apparent, therefore, that plaintiff's action "arises out of" alleged misrepresentations, and the United States, under 28 U.S.C.A. § 2680(h) has refused to waive its sovereign immunity for such actions. It is immaterial that the misrepresentations may have been negligent rather than intentional, because the statute excludes both types. United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). Nor does it matter that there may exist a separable claim based on negligence, since such claim would nevertheless "arise out of" misrepresentation. Cf., Moos v. United States, D.C.Minn.1954, 118 F.Supp. 275, aff'd 8 Cir., 225 F.2d 705.

Plaintiff urges that the tort claim which he asserts does not arise out of misrepresentation and hence, is not precluded by 28 U.S.C.A. § 2680(h), for the reason that a misrepresentation is an untrue statement of *fact*, whereas here, plaintiff alleges untrue statements of *opinion*. We cannot agree with this reasoning. If there was a misrepresentation, any claim arising therefrom is excluded by 28 U.S.C.A. § 2680(h). If there was no misrepresentation, there remains nothing on which plaintiff's claim can be based. Therefore, if, as plaintiff argues, he has not alleged a misrepresentation, it is true that he has avoided the effect of 28 U.S.C.A. § 2680 (h), but in so doing, he leaves himself with no cause of action.

Accordingly, it follows that plaintiff has no claim against the defendant under his first cause of action.

Defendant's motion to dismiss plaintiff's complaint as to both causes of action is granted. Counsel for defendant will prepare and submit to the Court a judgment of dismissal.