320 F.2d 455
 Eugene BAREFIELD and Alice L. Leflore, Appellants,
v.
Walter R. BYRD, Regional Manager, H. Buchanan, Chief of Adjudication, and William Speed, Chief, Finance Division, Veterans Administration Center, Jackson, Mississippi, Appellees.
 No. 19649.
 United States Court of Appeals Fifth Circuit.
 July 26, 1963.
 
 1
 Oliver W. Cosey, Meridian, Miss., for appellants.
 
 
 2
 Robert S. Hauberg, U. S. Atty., E. R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., Jerry C. Straus, Alan S. Rosenthal, Attys., Dept. of Justice, Washington, D. C., for appellees.
 
 
 3
 Before RIVES and WISDOM, Circuit Judges, and BOOTLE, District Judge.
 
 
 4
 BOOTLE, District Judge.
 
 
 5
 Eugene Barefield, a veteran suffering a service connected mental disability, and Alice L. Leflore, his natural mother and legal guardian, appeal from an order of the United States District Court dismissing their complaint on the ground that title 38 U.S.C.A. § 211(a) deprives the court of jurisdiction to review the several decisions of the Veterans' Administrator denying appellant mother payment of benefits to her as "dependent parent" of her disabled veteran son and denying a claim by her, as legal guardian of the veteran, for (1) back payments for periods during which the veteran was allegedly erroneously rated at a lower percentage of disability than his medical condition required and (2) payments allegedly erroneously paid to Emma Louise Barefield as the veteran's wife by a marriage which was annulled without affording appellant an opportunity to examine the evidence upon which the ratings were based and the evidence used against her claim and to face the witnesses who testified against her and on the ground that certain of the decisions of the Veterans' Administrator were contrary to the law and evidence. Appellants allege as error also the district court's granting of a 60 day extension to defendant within which to plead or answer and the overruling of her motion for production of documents. Appellees contend that the district court was correct in dismissing the complaint for lack of jurisdiction and that in any event, the suit must fail because of appellants' failure to join an indispensable party, namely, the Veterans' Administrator.
 
 
 6
 The threshold question is whether the court has jurisdiction to review the decisions of the Veterans' Administrator. "It is * * * well settled * * * that the Federal District Courts have only such jurisdiction as the Congress may give them." Commers v. United States, 66 F.Supp. 943 (D.C.Mont. 1946), citing Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339 (1942). Congress may create rights in individuals against itself and establish special tribunals aside from the courts, to administer and enforce the rights created. As the Supreme Court said in United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011, 1012 (1918), "[T]he United States, when it creates rights in individuals against itself, is under no obligation to provide a remedy through the courts." It may limit the individual to administrative remedies. Tutun v. United States, 270 U.S. 568, 576, 46 S.Ct. 425, 465, 70 L.Ed. 738, 741 (1925).
 
 
 7
 Appellants contend that jurisdiction is founded upon 5 U.S.C.A. § 1009 which grants judicial review of administrative actions generally "[e]xcept so far as (1) statutes preclude judicial review * * *." Title 38 U.S.C.A., under which appellants claim benefits, at § 211 (a) provides that "the decisions of the [Veterans'] Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."
 
 
 8
 Appellants contend that the Administrator is bound to follow the provisions of the Administrative Procedure Act, (Act of June 11, 1946, 60 Stat. 238, 5 U.S. C.A. § 1001 et seq.) and, apparently, that despite the fact that the "decisions" may not be reviewed, the conformity, or lack thereof, to the Administrative Procedure Act may be examined by the court. Is the Veterans' Administrator, in making his decisions, bound to conform to the provisions of the said Act? We think not. Section 5 of the Act (5 U.S.C.A. § 1004), captioned "Adjudication" provides that "In every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing, except * * *." (Exception not here material) (Emphasis added) the agency shall afford the parties an opportunity for a hearing in accordance with Section 7 (5 U.S.C.A. § 1006) which provides, in part, that "[e]very party shall have the right * * to conduct such cross-examination as may be required for a full and true disclosure of the facts. * * *" Section 5 thus clearly limits its applicability to adjudications "required by statute to be determined on the record after opportunity for an agency hearing." This is not such a case, because title 38 U.S.C.A. under which appellants proceed makes no such requirement. On the contrary, § 210(c) of that title provides that "The Administrator has authority to make all rules and regulations which are necessary or appropriate to carry out the laws administered by the Veterans' Administration and are consistent therewith, including regulations with respect to the nature and extent of proofs and evidence and the method of taking and furnishing them in order to establish the right to benefits under such laws, the forms of application by claimants under such laws, the methods of making investigations and medical examinations, and the manner and form of adjudications and awards" and section 102(a) (1) provides that "Dependency of a parent * * * shall be determined in accordance with regulations prescribed by the Administrator" thus leaving to the Veterans' Administrator discretion in selecting the procedure to be followed in reaching his decisions.
 
 
 9
 This court in Ford v. United States, 230 F.2d 533 (5 Cir. 1956), and Acker v. United States, 226 F.2d 575 (5 Cir. 1955), cert. denied, 350 U.S. 1008, 76 S.Ct. 674, 100 L.Ed. 870 (1955), held that a decision by the Administrator was not reviewable by the courts. In Ford, 230 F.2d at pages 533 and 534 the court said "The assertion, now made on the appeal, that it was likewise an effort to review the correctness of the Administrator's action under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., fares no better since Section 10, 5 U.S. C.A. § 1009, specifically excepts administrative actions when the `(1) statutes preclude judicial review * * *.' While the Congressional intention to preclude judicial review of administrative action must be clearly and positively reflected, Heikkila v. Barber, 345 U.S. 229, 73 S. Ct. 603, 97 L.Ed. 972, cf. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, and Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107, that standard is met here both by the intrinsic nature of this as an act of pure gratuity from the sovereign's grace, Acker v. United States, supra, and the categorical declaration that, except for certain specified matters for which a judicial remedy is created, the Administrator's decision on all questions of law or fact concerning a claim for benefits or payments under any act administered by the Veterans Administration shall be final, conclusive and beyond the power of any court to review. 38 U.S.C.A. § 11 a-2, Brasier v. United States, 8 Cir., 223 F.2d 762, and see Federal Power Commission v. Colorado Interstate Gas Company, 348 U.S. 492, 499, 500, 75 S.Ct. 467, 99 L.Ed. 583, 592." While Ford was dealing specifically with 38 U.S.C.A. (1952 ed.) 11a-2, precursor to the present section (38 U.S. C.A. 1958 ed. § 211(a)), the finality provisions of the two sections are the same in meaning. To the same effect are the following case: Sinlao v. United States, 106 U.S.App.D.C. 263, 271 F.2d 846 (1959); Cook v. Higley, 99 U.S.App.D.C. 180, 238 F.2d 41 (1956); Magnus v. United States, 234 F.2d 673 (7th Cir. 1956), cert. denied, 352 U.S. 1006, 77 S. Ct. 569, 1 L.Ed.2d 551 (1957); Longernecker v. Higley, 97 U.S.App.D.C. 144, 229 F.2d 27 (1955); Di Silvestro v. United States Veterans' Administration, 228 F.2d 516 (2nd. Cir. 1956), cert. denied, 350 U.S. 1009, 76 S.Ct. 654, 100 L.Ed. 870 (1955); Cyrus v. United States, 226 F.2d 416 (1st Cir. 1955); Brasier v. United States, 223 F.2d 762 (8th Cir. 1955), cert. denied, 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800 (1955); United States v. Houston, 216 F.2d 440 (6th Cir. 1954); Hahn v. Gray, 92 U.S. App.D.C. 188, 203 F.2d 625 (1953); United States ex rel. Farmer v. Thompson, 203 F.2d 947 (4th Cir. 1953), cert. denied, 352 U.S. 973, 77 S.Ct. 366, 1 L. Ed.2d 326 (1957); Commers v. United States, 159 F.2d 248 (9th Cir. 1947), cert. denied, 331 U.S. 807, 67 S.Ct. 1189, 91 L.Ed. 1828 (1946); Van Horne v. Hines, 74 App.D.C. 214, 122 F.2d 207 (1941); Peyton v. United States, 100 F.Supp. 823, 120 Ct.Cl. 722 (1951), cert. denied, 343 U.S. 909, 72 S.Ct. 639, 96 L.Ed. 1326 (1951).
 
 
 10
 In Acker, supra, 226 F.2d page 578, this court said "it [must be] borne in mind that, as so well and clearly pointed out in Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434, the United States may not be sued without its consent and that such consent must be expressed and not implied * * *."
 
 
 11
 In Hahn v. Gray, 92 U.S.App.D.C. 188, 203 F.2d 625, 626 (1953) the court said "It was the purpose of that statute (38 U.S.C.A. § 11a-2) to remove the possibility of judicial relief even if the action of the Administrator was arbitrary and capricious. Lynch v. United States, 1934, 292 U.S. 571, 587, 54 S.Ct. 840, 847, 78 L.Ed. 1434."
 
 
 12
 In Van Horne v. Hines, 74 App.D.C. 214, 122 F.2d 207 (1941), cert. denied, 314 U.S. 689, 62 S.Ct. 360, 86 L.Ed. 552 (1941), rehearing denied, 314 U.S. 717, 62 S.Ct. 478, 86 L.Ed. 570 (1942), plaintiff sought judicial review of the Veterans' Administrator's decision reached without prior notice and hearing, reaffirming its previous decision, likewise reached without prior notice and hearing, terminating plaintiff's veteran benefit compensation on the ground that the plaintiff had made false statements in connection therewith, even though, subsequent to the original decision but prior to the reaffirmance he had been tried and acquitted of the offense by a United States Court. The court there based its decision upon the ground that the predecessor of 38 U.S.C.A. § 211(a) deprived the court of jurisdiction. There, plaintiff was not even allowed to present evidence on behalf of his claim. Here, appellants at least were afforded and accepted the opportunity to present evidence to the Administrator.
 
 
 13
 We hold that the district court committed no error in dismissing the complaint for lack of jurisdiction, and, this being true, we need not reach or decide the other questions raised on the appeal.
 
 
 14
 The order of the district court dismissing the complaint is hereby
 
 
 15
 Affirmed.