**Mary Ellen REDFIELD, Appellant,**

v.

**W. J. DRIVER, Administrator, Veterans Administration, Appellee.**

**No. 20597.**

United States Court of Appeals Ninth Circuit.

Aug. 2, 1966.

Rehearing Denied Sept. 14, 1966.

Mary Ellen Redfield, in pro. per.

Manuel Real, U. S. Atty., Los Angeles, Cal., John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, J. P. Bishop, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and McNICHOLS, District Judge.

PER CURIAM:

Appellant, in propria persona, appeals from the dismissal by the district court of a petition to review a decision of the Board of Veterans' Appeals.

The original complaint on file bases jurisdiction on 38 U.S.C. §§ 211, 4005. The amended complaint bases jurisdiction on 38 U.S.C. §§ 410(a) and 101(14) (B).

38 U.S.C. § 211(a) reads, in pertinent part:

"Except as provided in sections 775, 784, 1661, 1761 * * * chapter 37 of this title, the decisions of the Administrator * * * shall be final and conclusive and no other official or any court of the United States

*shall have power or jurisdiction* to review any such decision." [1]

38 U.S.C. § 4005 relates to appeals before the Board of Veterans' Appeals; not to appeals from that Board.

38 U.S.C. § 410(a) reads as follows:

"410. *Deaths entitling survivors to dependency and indemnity compensation*

(a) When any veteran dies after December 31, 1956, from a service-connected or compensable disability, the Administrator shall pay dependency and indemnity compensation to his widow, children, and parents. The standards and criteria for determining whether or not a disability is service-connected shall be those applicable under chapter 11 of this title."

38 U.S.C. § 101(14) (B) reads, in pertinent part:

"(14) The term 'dependency and indemnity compensation' means a monthly payment made by the Administrator to a widow, * * * (B) pursuant to the election of a widow * * *, in the case of such a death occurring before January 1, 1957."

Appellant's husband, a veteran, disappeared sometime in July 1953. From October 1, 1953 monthly payments were made to appellant as the wife of a veteran whose whereabouts were unknown. Payments were discontinued in October 1960. In 1961, the Superior Court of the State of California administered the veteran's estate (appellant was executrix) and in proceedings to establish the veteran's death, the State of California decreed it occurred on July 31, 1960. Appellant thus was enabled to, and did, collect on the veteran's National Life Insurance Policy.

Appellant sought to have the Administrator continue gratuitous veteran's widow payments to her. The Administrator refused to eliminate the finding of presumed death, and refused to restore the claim to a live claim status. Appellant also sought a holding that her husband's death was caused by a totally disabling service-connected psychiatric condition. The Administrator held that the evidence did not establish that the veteran's death was due to a service-connected disease or injury, and that the cause of death was undetermined.

Appeal was had to the Board of Veterans' Appeals, and denied. A review of this denial was allowed by the Board of Appeals without change in the principal result. A second reconsideration was had from the Board of Veterans' Appeals, with the same result.

Appellant then filed her complaint and amended complaint, as outlined above, asking for a review of the decision of the Administrator for the Veterans Administration. It was dismissed on the government's motion for lack of jurisdiction.

There is no jurisdiction in the court below, or here, to review a final action of the Administrator.

The payments sought were gratuities, and Congress "in its wisdom" has defined where the right of appeal stops when such gratuities are denied to a citizen. Milliken v. Gleason, 332 F.2d 122 (1st Cir.), cert. den. 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1964); Barefield v. Byrd, 320 F.2d 455 (5th Cir.), cert. den. 376 U.S. 928, 84 S.Ct. 675, 11 L.Ed. 2d 624 (1963); Sinlao v. United States, 106 U.S.App.D.C. 263, 271 F.2d 846 (1959); Van Horne v. Hines, 74 App.D. C. 214, 122 F.2d 207, cert. den. 314 U.S. 689, 62 S.Ct. 360, 86 L.Ed. 552 (1941); Napier v. Veterans Adm., 187 F.Supp. 723 (D.N.J.1960), affirmed, 298 F.2d 445 (3d Cir.), cert. den. 371 U.S. 186, 83 S.Ct. 266, 9 L.Ed.2d 228 (1962).

Affirmed.

---

1. As amended September 29, 1965, 79 Stat. 886. (Emphasis added.)

Section 775 relates to group life insurance; § 784 relates to suits on life insurance; § 1661 relates to "Education, Vocational for Korean Vets"; § 1761 relates to education for war orphans; Chapter 37 relates to home, farm and business loans. None of these are exceptions to the benefits herein pursued.