**HOLLIDAY v. UNITED STATES.**

No. 49226.

United States Court of Claims.

Nov. 7, 1949.

Austin Joseph Holliday, pro se.

William A. Stern, II, Washington, D. C., with whom was Assistant Attorney General H. G. Morison, for defendant.

Before JONES, Chief Judge, and HOWELL, MADDEN, WHITAKER and LITTLETON, Judges.

JONES, Chief Judge.

Plaintiff, a war veteran, instituted this suit. There are three sections to the petition which set out three different claims.

The defendant demurs on the ground that the claims are not clearly stated, and that this court does not have jurisdiction to determine them.

The first claim apparently asks that we direct the Veterans' Administration to grant plaintiff service-connected total and permanent disability compensation.

By the terms of the statute this discretion is lodged in the Administrator of Veterans' Affairs.

Section 11a—2, Title 38 United States Code Annotated, reads as follows:

368

"§ 11a—2. Finality of Administrator's decisions on questions concerning claims for benefits or payments.

"Notwithstanding any other provisions of law, except as provided in section 445 of this title, as amended, and in section 817 of this title, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."

See also Section 620, Title 38 United States Code Annotated.

■ Regardless of whatever merit this phase of plaintiff's claim may have, this court has no jurisdiction to direct the Administrator to change his decision.

■ The second claim is for a refund of premiums and cash payment with interest on war insurance.

Under the terms of the Code, especially section 445, Title 38, the United States District courts are given exclusive jurisdiction to determine such matters. It must be remembered that various courts are permitted to exercise such jurisdiction only as is conferred upon them by action of the Congress. We, therefore, have no authority to act upon that claim.

The third section of the petition prays for "compensation and relief from obligation to the court action of the U. S. Eastern District of Texas, Beaumont Division, Docket No. 4771, March 16, 1948, as violation of Pure Food and Drug Act, * * *; the violation of my Civil Rights of the 8th and 13th Amendments of the U. S. Constitution; and, The Veteran's Right of Sales as an aid on curative treatment of War Disabilities, * * *."

It is not quite clear just what relief is sought, but this court has not been granted jurisdiction to review the action of the District courts in such matters.

Since we do not have authority to act upon these claims we have no choice but to sustain the demurrer and dismiss the petition.

HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.