## PEYTON v. UNITED STATES.
### No. 49915.

United States Court of Claims.
Nov. 6, 1951.

No appearance for the plaintiff.

David Orlikoff, Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, for the defendant. Newell A. Clapp, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

PER CURIAM.

The Government demurs to the plaintiff's petition, asserting that this court has no jurisdiction over the subject matter of the action, and that the petition does not state a cause of action. We consider the question of our jurisdiction.

The plaintiff, who was a soldier in the First World War sues for additional veteran's disability compensation, emergency officer's retirement pay, and disability benefits under a policy of Government life insurance. As to the claim for additional veteran's disability compensation, the following Sections of Title 38 of the United States Code Annotated are pertinent: Sec-

tion 703 authorizing the President to prescribe by regulation the degrees of disability and the rates of compensation to be paid; Section 707 lodging in the Administrator of Veterans' Affairs the administration of certain sections of the code, including Section 703; and Section 705 providing as follows: "All decisions rendered by the Administrator of Veterans' Affairs under the provisions of sections 701–703, 704, 705, 706, 707–715, 716–721 of this title and sections 30a, 485 of Title 5 or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision. Mar. 20, 1933, c. 3, Title I, § 5, 48 Stat. 9." The language of 705 seems to plainly deny to this or any other court any jurisdiction to entertain the plaintiff's claim for increased disability compensation. See Holliday v. United States, 87 F.Supp. 367, 114 Ct.Cl. 702.

■ The plaintiff's claim for emergency officer's retirement pay is presumably based upon Sections 581 and 582 of Title 38 of the United States Code Annotated. These sections provide for application to the Administrator of Veterans' Affairs for rating of disability by the Veterans' Administration, for payment out of funds of that Administration. It would seem, therefore, that Section 11 a–2 of Title 38 United States Code Annotated, is applicable. It provides: "Notwithstanding any other pro-visions of law, except as provided in section 445 of this title, as amended, and in section 817 of this title, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions. Oct. 17, 1940, c. 893, § 11, 54 Stat. 1197." We conclude, therefore, that this court has no jurisdiction to adjudicate the plaintiff's claim to emergency officer's retirement pay.

■ The third element of the plaintiff's claim is for benefits under a National Service or a United States Government life insurance policy. Section 817 of Title 38 United States Code Annotated provides that suits on National Service Life Insurance are governed by the provisions of Section 445 of Title 38, and that in any such suit the decision of the Administrator of Veterans' Affairs as to waiver or non-waiver of premiums under Section 802(n) should be final and binding on the court. Section 445 places the jurisdiction over such insurance suits in the District Courts of the United States. Holliday v. United States, supra.

Since this court does not have jurisdiction over any of the plaintiff's claims, the defendant's demurrer must be sustained and the plaintiffs' petition dismissed.

It is so ordered.