Laramore, Judge,
delivered the opinion of the conrt:
This is a congressional reference case whereby plaintiff, who served on active duty in the United States Army from March 9, 1943, to July 20, 1943, seeks to be granted by the Congress all of the rights, privileges, and benefits which are granted to honorably discharged veterans of World War II who have service-connected total and permanent disability.
Plaintiff’s application filed with the Veterans’ Administration for disability compensation or pension was disallowed on the ground that the disability claimed was not incurred in or aggravated by service. This disallowance was reviewed and affirmed on five different occasions by the Board of Veterans Appeals.
H. Ees. 559, 82d Congress, 2d session, referring the claim to this court, reads as follows:
Resolved, That the bill (H. R. 2603) entitled “A bill for the relief of Frank C. Torti” now pending'in the *216 House of Representatives, together with all accompanying papers, is hereby referred to the United States Court of Claims pursuant to sections 1492 and 2509 of title 28, United States Code; and said court shall proceed expeditiously with the same in accordance with the provisions of said sections and report to the House, at the earliest practicable date, giving such findings of fact and conclusions thereon as shall be sufficient to inform the Congress of the nature and character of the demand, as a claim legal or equitable, against the United States, and the amount, if any, legally or equitably due from the United States to the claimants.
H. R. 2608, 82d Congress, 1st session, referred to in the above resolution, reads as follows:
Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That Frank C. Torti, Veterans’ Administration claim numbered C-3846079, who served on active duty in the United States Army during the period beginning March 9, 1943, and ending July 20, 1943, is hereby granted all of the rights, privileges, and benefits which are granted to honorably discharged veterans of World War II who have service-connected total and permanent disabilities.
Plaintiff was inducted into the Army of the United States on March 2, 1943, and served on active duty as an enlisted man from March 9, 1943, until July 20, 1943, when he was honorably discharged for physical disability.
On March 2, 1943, plaintiff underwent his final physical examination, the report of which noted plaintiff’s complaint of pains in the right knee, as to which the examiners reported “no disability.” He was then found physically qualified for limited military service only by reason of external hemorrhoids.
Plaintiff’s Army service consisted of a total of 133 days, 85 days of which were spent in the hospital. Plaintiff’s first hospitalization occurred on his fifth day in the Army when he was admitted on account of ailing feet. Plaintiff’s final admission to the hospital on April 27, 1943, where he remained until his discharge on July 20, 1943, noted cause of admission as “Arthritis, chronic, acute exacerbation of, non-suppurative, severe, involving the right ankle, left knee, *217 right and left wrists, cause undetermined, nonvenereal. EPTI.”
The hospital clinical records contain the following “history of the present illness”:
Patient states that about 5 years ago he developed some pain in his right foot. This has been present at intervals since that time. He developed some pain immediately after coming in the Army in both feet, and on March 13, he developed pain in the ball of his right foot while on Basic Training. About April 18, he developed some pain in his right ankle; this gradually increased until he was unable to walk the day before admission. He also today has developed swelling, tenderness of his left knee, as well as in both wrists.
The clinical record further reported:
This patient has chronic inflammatory joint disease which has been present more or less continuously for 5 years, with an attack of rheumatism at the age of 7. At the present time, his joints are finally quiescent with only some moderate residual stiffness and tenderness. This has been his normal state during the past 5 years. It is felt that he will have recurrent exacerbations of his joint disease and for that reason is not fit for military service. Seen by CDD Bd and recommendation for discharge made.
On July 10, 1943, a board of medical officers found plaintiff to be unfit for service as a soldier because of:
Arthritis, chronic, acute exacerbation of, non-sup-purative, severe, involving the right ankle, left knee, right and left wrists, cause undetermined, non-venereal. Existed prior to induction. Manifested by swelling, redness, tenderness of the joints, fever, elevation of the sedimentation rate. Cause unknown. Onset of disease in 1938 with exacerbations and remissions ever since. History of rheumatism in 1917. Incapacities for further military service because of disabling pain, swelling and tenderness in multiple joints. X-ray of chest negative. Disability is considered permanent and not suitable for reclassification. Further military hospitalization is not considered necessary as maximum degree of improvement has been attained. Disability not incurred in line of duty and not due to soldier’s own misconduct. Existed, prior to induction and has been aggramated by military service due to basic training requiring drilling and *218 marching. Soldier did not decline treatment for relief of disability. [Italics supplied.]
• On July 20,1948, plaintiff was honorably discharged from the Army pursuant to a certificate of disability for discharge executed on July 6, 1943, and approved on July 13, 1943.
On August 16,1943, plaintiff filed an application with the Veterans’ Administration for “Disability Compensation or Pension.” This application was signed by the plaintiff and verified before a notary public on July 20, 1943. Plaintiff therein stated that he was treated by a Dr. Eoylance for arthritis “about Sept — 1942” and that his mother knew he had suffered from arthritis “prior to, during, or since” his military service. This claim was considered by a 3-member rating board and disallowed on September 30, 1943, because the disability claimed was not incurred in or aggravated by his period of military service. No appeal was taken from this disallowance.
In 1945, plaintiff presented a claim for service-connected arthritis to the Board of Veterans Appeals. Plaintiff’s examination did not reveal the presence of any disablement referable to the arthritic condition, and it was stated that no joint pathology was found. The board found that the arthritic condition existed prior to service, was not aggravated by service, and the claim was disallowed.
In February 1949, upon a reexamination of the plaintiff, the physical and X-ray findings disclosed that the joints were entirely negative except for slight swelling and periarticular tissue thickening in and about the ankles. On September 20, 1949, the Board of Veterans Appeals, as a result of another appeal by the plaintiff, recommended that further observations and studies be made of the plaintiff at a diagnostic center.
Plaintiff was thereupon examined at the Veterans Diagnostic Center, Washington, D. C., on May 16,1950. A consultant for the Veterans’ Administration reported as follows:
There is a past history of articular disturbance which has been manifested by joint pains and aches as well as objective swelling of both wrists, right knee, and ankles on several occasions. These observations have been made and confirmed by the patient’s private physician *219 and in an Army hospital. The acute episodes have been associated with fever and leukocytosis.
There is very little question, in view of the history, that the patient has had arthritis. On the basis of a history of objective joint findings, associated with persistent fatigue one would call this, in my opinion, rheumatoid arthritis.
At the present time, the patient has no evidence at all of objective joint manifestations. His joints can be put through the full range of motion without pain or discomfort. There is no local heat, tenderness or swelling,. and his sedimentation rate is 14 mm/hr. There is a slight depression in his total protein. However, the albumin/globulin ratio is practically within normal limits.
Diagnosis: Rheumatoid state, from history, now inactive.
_ It is well recognized that a characteristic of this condition is the occurrence of unexpected relapses and remissions, and furthermore, a patient who has had articular disturbance of this type may, at any time prior to •the later decades in life, have an exacerbation. It is my opinion, however, that at the present time this patient should not be considered an individual with a measurable disability.
In 1950 the Board of Veterans Appeals again considered plaintiff’s case wherein plaintiff contended that his inactive rheumatoid state, and the incurrence of a heart disease, was aggravated by his military service. The Board, after a detailed review of the whole case, decided that the evidence did not warrant a determination that the condition classified as rheumatoid state was aggravated during service or that a claimed disease of the heart was incurred therein. Plaintiff’s claim was reconsidered by the Board of Veterans Appeals for the fourth time on January 18,1951, and the Board in its decision concluded “that the evidence clearly and unmistabably establishes that rheumatoid state existed prior to service and that such condition was not aggravated by service. Accordingly, service connection for rheumatoid state is not warranted and the benefits sought are denied.”
Upon the request of the House Judiciary Committee, a further (fifth) administrative consideration of plaintiff’s claim was had by the Board of Veterans Appeals and, on July 16,1951, upon the whole record and the judiciary sub *220 committee’s hearing upon plaintiff’s claim, the Board again concluded that the evidence clearly and unmistakably established that the rheumatoid state existed prior to service; that there was no increase in the preservice level of such condition as the result of active service; and that the grant of service connection for rheumatoid state was not warranted.
Thus, the question presented is whether plaintiff has a legal or equitable claim, or a mere request for a gratuity.
The defendant strenuously urges that this court is without jurisdiction of this claim and cites in support thereof sections 1492 and 2509 of title 28, United States Code.
Section 1492 of 28 U. S. C., referred to in the resolution, provides:
The Court of Claims shall have jurisdiction to report to either House of Congress on any bill referred to the court by such House, except a bill for a pension, and to render judgment if the claim against the United States represented by the referred bill is one over which the court has jurisdiction under other Acts of Congress.
Section 2509 of 28 U. S. C., also referred to in the resolution, provides:
Whenever any bill, except for a pension, is referred to the Court of Claims by either House of Congress, such court shall proceed with the same in accordance with its rules and report to such House, the facts in the case, including facts relating to delay or laches, facts bearing upon the question whether the bar of any statute of limitation should be removed, or facts claimed to excuse the claimant for not having resorted to any established legal remedy.
The court shall also report conclusions sufficient to inform Congress whether the demand is a legal or equitable claim or a gratuity, and the amount, if any, legally or equitably due from the United States to the claimant.
It is noted that the House Eesolution contains the language “is hereby referred to the United States Court of Claims pursuant to sections 1492 and 2509 of title 28, United States Code.” It is further noted that section 1492, supra, provides that this court shall have jurisdiction to report to either House of Congress on any bill referred except a bill *221 for a pension. Section 2509, supra, also excepts bills for pensions.
Furthermore, title 28 U. S. C. § 1501 provides:
The Court of Claims shall not have jurisdiction of any claim for a pension.
While the statutes cast considerable doubt as to this court’s jurisdiction to report to either House on matters of pensions, H. R. 2603 is a bill to grant plaintiff “all of the rights, privileges, and benefits which are granted to honorably discharged veterans of World War II * * In that connection, while
a pension or compensation must have been the primary purpose sought by the Resolution, there are many collateral benefits granted veterans under the law. Sections 1492 and 2509 do not affect our right to report to Congress on these collateral matters.
The next point urged by defendant is that the decisions of the Veterans’ Administration on questions concerning claims for benefits or payments are final and conclusive and not subject to review by the courts.
Title 38 U. S. C. § lla-2, provides:
Notwithstanding any other provisions of law, except as provided in sections 445 and 817[1] of this title, the decisions of the Administrator of Veterans’ Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans’ Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions.
By the terms of the above-quoted statute the discretion to grant or deny claims for pensions is lodged in the Administrator of Veterans’ Affairs whose decision is final and conclusive. Holliday v. United States, 114 C. Cls. 702; Snauffer v. Stimson, 155 F. 2d 861, 862 (C. A. D. C.) ; Van Horne v. Hines, 122 F. 2d 207, 209 (C. A. D. C.), cert. den. 314 U. S. 689; Barnett v. Hines, 105 F. 2d 96, 99 (C. A. D. C.), cert. den. 308 U. S. 573; United States v. Mroch, 88 F. 2d 888, 890 (CCA 6) ; Smith v. United States, 83 F. 2d 631, 639 (CCA 8); International Union, etc. v. Bradley, 75 F. Supp. 394, *222 398 (D. C. D. C.); United States v. Cathcard, 70 F. Supp. 653, 663 (D. C. Neb.); United States v. Gudewicz, 45 F. Supp. 787, 789 (D. C. E. D. N. Y.).
Inasmuch as this court is without jurisdiction to direct the Administrator to change his decision, Holliday v. United States, supra, plaintiff would not have a legal claim against the United States. This is further strengthened by the fact that plaintiff, in footnote 5 at page 33 of his brief, concedes “There is clearly no legal right involved here, especially because of the prohibitions against the Court’s jurisdiction over claims for pensions.”
On the question of equitable rights, we know of no provision in the law of equity which would give plaintiff any rights here.
The House Eesolution brings into play the question of “gratuity,” and this court has defined gratuity as being equity in its moral sense. Gay Street Corporation v. United States, 130 C. Cls. 341, 350. However, section 2509, supra, does not provide for a report on the amount of any gratuity recommended. The statute requires that the court report conclusions sufficient to inform Congress whether the demand is a legal or equitable claim or a gratuity, and the amount, if any, legally or equitably due from the United States to the claimant. Moreover, the very nature of this claim would prevent a conclusion as to any amount of a gratuity. If plaintiff is entitled to veterans’ benefits, he is subject to periodic physical examinations and his future entitlement would be in the sole discretion of the Veterans’ Administration.
We do find that plaintiff’s arthritic condition did not first occur while in the service. (Finding 36.) However, we further find that a reasonable doubt exists as to whether plaintiff’s arthritic condition was aggravated due to his military service. Further, that the evidence does not satisfactorily prove or disprove the claim, but the doubt which exists is a substantial one and not speculative. (Finding 37 and footnote.)
Veterans’ Administration Regulation 1063 provides that determinations as to service-connection should be based on review of the entire evidence, and if a reasonable doubt *223 arises regarding service-connection, such doubt will be resolved in favor of the veteran. (Finding 32.)
Paragraphs 1 (a), (b), (d), part I, Veterans Regulation No. 1 (a), as amended, provides that aggravation of an injury or disease with inception prior to service will be conceded to have been aggravated where disability underwent an increase in severity as shown by the clear and unmistakable evidence. (Finding 32.) Veterans’Administration Schedule for Rating Disability, 1945 edition, provides “* * * When after careful consideration of all procurable and available data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant.” (Finding 33.)
In conclusion, we respectfully report that in our opinion plaintiff’s demand is neither a claim legal nor equitable against the United States, but that inasmuch as there is a reasonable doubt as to whether plaintiff’s arthritic condition was aggravated due to his military service, that doubt should have been resolved in favor of plaintiff, and if so, he would be entitled to the benefits of the Veterans’ Administration act.
This opinion, the findings of fact, together with the conclusion thereon, will be certified to Congress pursuant to II. Res. 559,82d Congress, 2d session.
Madden, Judge; LittletoN, Judge; and Jones, Ohief Judge, concur.

 Sections 445 and 817 are sections having reference to insurance benefits.