Laramore, Judge,
delivered the opinion of the court:
Plaintiff, a former Army enlisted man, complains of the character of his discharge (undesirable) and seeks judgment for lost veterans’ benefits of an unspecified nature and amount.
*837 The case arises on defendant’s motion to dismiss the petition on the ground that it fails to state a claim upon which relief can be granted.
The questions presented are (1) whether this court may review the validity of plaintiff’s undesirable discharge and (2) whether this court may award a judgment for lost veterans’ benefits.
The petition alleges that plaintiff enlisted in the Army in 1953. During the period of his Army service plaintiff was four times convicted by courts-martial for violations of military law. The last conviction was by special court-martial for a 1-month a.w.o.l., for which he was sentenced to confinement at hard labor for six months and forfeiture of pay.
While plaintiff was serving time in the stockade under the last sentence, his enlistment expired. He served an additional three months to complete his sentence.
Approximately six weeks before his last sentence was served, in December 1955, plaintiff was given an undesirable discharge.
Plaintiff alleges that as a result of the undesirable discharge he has been denied benefits to which he would otherwise be entitled as a veteran under the laws of Congress. He does not allege what benefits were denied him nor does he allege the monetary value of such benefits. In his brief in opposition to defendant’s motion to dismiss he does say he was denied a claim for education and training benefits under P.O. 550,[1] 82d Congress, because of his undesirable discharge.
Plaintiff in his petition makes reference to the four courts-martial convictions but there is no indication that he intends to attack such convictions. The recital of courts-martial convictions seems to be for the purpose of “background” leading up to his undesirable discharge. He also in his petition alleges that in the last court-martial proceeding his defense counsel made no opening statement, no argument, no explanation, presented no evidence and called no witnesses. As a result, plaintiff alleges he was deprived of the effective assistance of counsel in violation of the 6th amendment of the constitution. Again he does not seem to base *838 bis complaint on this alleged violation and makes no reference to such in his brief. Therefore, we conclude plaintiff’s action is based solely on the loss of veterans’ benefits because of the character of his discharge, and we will not look to the courts-martial proceedings.
Plaintiff’s complaint as to the character of his discharge appears to rest on the proposition that since the undesirable discharge was based solely upon previous convictions, it was an added punishment not authorized by law.
In support of this contention plaintiff relies on the case of Harmon v. Brucker, 355 U.S. 579. However, the facts in the Harmon case are clearly distinguishable from the case at bar. The less than “honorable” discharge in the Harmon case was based upon prior to induction activities, and the holding of the Supreme Court was to the effect that the certificate of discharge shall be based upon records of military service and not as to activities prior to induction.
In the instant case, beyond question, the discharge was based upon plaintiff’s activities in the Army. In fact, plaintiff’s discharge was on the authority of A.B.. 615-368 which provides in pertinent part as follows:
Enlisted Personnel — Discharge—Unfitness
1. Procedure — a. Eeport required; when and by whom made.
(1) When an individual has already demonstrated that he is totally unfit for further retention in the military service tor any of the reasons indicated below, and his rehabilitation is considered im-
Eossible after repeated attempts to accomplish same ave failed * * *, his commanding officer will report the facts * * * to the next higher commander and recommend that the individual be required to appear before a board of officers convened under the authority contained herein.
(a) Gives evidence of habits or traits of character manifested by antisocial or amoral trend, * * * or misconduct.
if: sjs ijí ^ &
(c) Repeatedly committed petty offenses not warranting trial by court-martial.
*839 (f) Behavior, activities or associations, which tend to show that the individual is not reliable or trustworthy.
^ ‡ ^
b. Board convened by commander exercising general court-martial jurisdiction. — Boards of officers convened under this authority will consist of three officers.* * *
c. Board procedure. * * *
d. Authorized recommendations. — The board will recommend that the individual be either—
(1) Discharged because of unfitness, or
(2) Discharged because of unsuitability, or
(3) Retained in service.
Discharge, if recommended, will be for unfitness, except that discharge because of unsuitability (under AR615-369, without referral to another board) may be recommended in borderline, cases if military circumstances and the character of service rendered by the individual during his current period of service so warrant. As examples, such circumstances would apply where the cause of unfitness has been minor, relative to the length of efficient service or where there has been a definite effort at self-control, or where an individual has, during his current period of service2 distinguished himself by an act of heroism, which in itself reflected great credit on the individual and the military service.
e. Action by convening authority.
# & # # #
f. Disposition of proceedings.
$ $ * ¡Ü *
(2) When discharge is recommended by board.— The. board proceedings, if approved by the convening authority, will be sent to the appropriate commander who. executes the discharge, and will constitute authority for the discharge. * * *
* * * # *
(5) Form of discharge certificate to be given. — • When discharged because of unfitness, DD Form 258A (Undesirable Discharge) will be furnished. When discharged because of unsuitability, DD Form 257A (General Discharge) will be furnished.
Plaintiff does not refer to this regulation or attack its validity and consequently we assume the regulation was fully complied with in this case. Therefore, we must conclude *840 that the Army was clothed with authority to determine the appropriate type of discharge in the circumstances. This was a discretionary act of the Secretary of the Army. 10 U.S.C. 652(a) (1952 Ed.) which is not reviewable. Davis v. Woodring, 111 F. 2d 523,; Marshall v. Wyman, 132 F. Supp. 169; Olenick v. Brucher, 173 F. Supp. 493.
Plaintiff in his opposition brief contends that this court may award a money judgment for lost veterans’ benefits inasmuch as plaintiff has a statutory right to education and framing under 38 U.S.C. § 1610 and § 1632 (1958).
However, Congress has vested the sole determination concerning the eligibility for veterans’ benefits or payments in the Administrator of Veterans’ Affairs, whose decisions “on any question of law or fact concerning any claim for benefits or payments under any act administered by the Veterans Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review . any such decision.” 38 U.S.C. §11 (a) (2).
This court and other courts have consistently held that the courts have no jurisdiction to award or review the denial of veterans’ benefits in view of the above statutory restriction. Torti v. United States, 135 Ct. Cl. 214; Peyton v. United States, 120 Ct. Cl. 722; Holliday v. United States, 114 Ct. Cl. 702; Snauffer v. Stinson, 155 F. 2d 861; Van Horn v. Heinz, 122 F. 2d 207; and other cases too numerous to mention.
Moreover, if the petition states a claim for a pension, it is well established that this court does not have jurisdiction. 28 U.S.C. 1501.
In conclusion, this court cannot review the Secretary’s determination as to the character of plaintiff’s discharge. Further, the court is without authority to review plaintiff’s claim for veterans’ benefits. Therefore, the petition fails to state a claim upon which relief may be granted.
Defendant’s motion is granted and the petition is dismissed.
It is so ordered.
Durfee, Judge; MaddeN, Judge; Whitaker, Judge, and JoNES, Chief Judge, concur.

 We assume plaintiff means 3?.L. 550, which is the Veterans’ Readjustment Assistance Act of 1852, 66 Stat. 663.