Per Ctjriam :
Plaintiff’s suit is for disability compensation to which he says he is entitled under his application to the Veterans Administration for service-connected disability compensation. This would seem to be beyond the jurisdiction of this court, because the relevant statutes make the decisions of the Veterans Administration final and not subject to review by any court.
However, plaintiff says that he is not contesting the decision of the Administrator, but is suing on his decision. In that decision the Administrator found that plaintiff’s back injury was service-connected, from which plaintiff says it necessarily follows that he had the injury when he was discharged and, hence, he is entitled to compensation from the date of his discharge. But, even if this conclusion does necessarily follow — which may not be so — nevertheless the decision of the Administrator was not confined to a finding that plaintiff’s injury was service-connected; he also decided that plaintiff was entitled to compensation beginning with March 30,1962, not from the date plaintiff was discharged. That decision is not subject to review by the courts.
What induced the Administrator to fix this as the initial date, we do not know, but he was acting within the scope of *455 the authority vested in him in so doing. 38 U.S.C. § 3010 provides:
(a) Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.
(b) The effective date of an award of disability compensation to a veteran shall be the day following the date of his discharge or release if application therefor is received within one year from such date of discharge or release.
The Administrator construed this statute to authorize him to fix the initial date as March 30, 1962. His construction is binding on the courts.
From this it must be concluded that plaintiff’s petition does not state a cause of action within the jurisdiction of the court and it is, therefore, ordered that defendant’s motion to dismiss plaintiff’s petition is granted and plaintiff’s petition is dismissed.