“This case is before the court on plaintiff’s motion for summary judgment and defendant’s cross-motion for summary *554 judgment. Plaintiff, who served in the United States Navy in 1951, was given an undesirable discharge and total forfeitures after about a year of his 4-year enlistment because of his conviction for robbery in a New York court. After several years of imprisonment his conviction was overturned. In 1965 the Navy corrected his discharge to an honorable one and gave him mustering-out pay. The Board for Correction of Naval Records (BCNR) considered plaintiff’s claim for restoration to duty and back pay. The board denied the same, concluding that plaintiff had not performed active duty for which pay was claimed and that his imprisonment was not the fault of the Navy. However, the BCNR determined that, because of plaintiff’s mental disability which was held to have been service-incurred, he should retroactively be placed on the Temporary Disability Retired list, effective May 17,1952 (the day after his undesirable discharge), and on the Retired list, by reason of permanent disability, as of May 17, 1957. Retired pay was offset against benefits plaintiff received from the Veterans Administration, and plaintiff was paid $11,650.64.
“In suit filed in this court on July 9,1971, plaintiff claimed entitlement to active duty pay and allowances for the balance of the term of his enlistment following the date of his arrest, October 9, 1951, plus entitlement to disability retired pay. The court denied relief on the grounds that plaintiff, not having been under any legal disability since his release from state prison on September 30,1963, was barred by the 6-year statute of limitations. Powers v. United States, 198 Ct. Cl. 995 (1972).
“In the pending petition plaintiff claims back pay and allowances for the period October 9,1951, to the date of his undesirable discharge on May 16,1952. This period is clearly included in the period for which judgment for plaintiff was denied by the court, as aforesaid. The present claim is thus barred by res judicata unless, as plaintiff argues, the correction board action in 1973 tolled the statute of limitations. It did not do so. The court concluded in its 1972 decision that plaintiff could have brought suit in 1963. The appeal to the board was a permissive remedy. At the latest plaintiff could have sued in 1965 when his discharge was corrected.
*555 “Plaintiff also sues for the right to waive his retired pay-in favor of benefits from the Veterans Administration which are alleged to be greater in his case. When plaintiff’s discharge was corrected by the Navy on April 2,1965, the VA reopened plaintiff’s claim and awarded him benefits retroactive to November 29,1964. It is precluded by statute from now awarding benefits claimed for the 1952-64 period. 38 U.S.C. § 3010 (i) (1970). Further, the actions of the Veterans Administration in administering the statute providing for veterans’ benefits are insulated from judicial review. 38 U.S.C. § 211(a) (1970). Johnson v. Robinson, 415 U.S. 361 (1974); Martin v. United States, 197 Ct. Cl. 1062 (1972); Jump v. United States, 164 Ct. Cl. 453 (1964); Brown v. United States, 150 Ct. Cl. 836 (1960). Plaintiff has not stated a claim for which relief can be granted. We find nothing unconstitutional here.
“Upon a careful examination of the pleadings, the motions, and the BONE records filed with the court, without oral argument, we conclude that the board acted lawfully and with a proper exercise of its discretion in awarding plaintiff disability retired pay and in not granting him active duty pay and allowances and that this court has no authority to review the actions of the Administrator of Veterans Affairs within the context of this claim.
“Collateral motions of the parties for discovery of BCNR documents are moot by reason of their production.
“it is therefore ordered that defendant’s cross-motion for summary judgment be and it is granted. Plaintiff’s motion for summary judgment is denied. The petition is dismissed.”