This claim for military service-connected disability benefits comes before the court on defendant’s motion for summary judgment.
Plaintiff, pro se, seeks veterans benefits for an injury allegedly suffered while serving as a member in the Philippine Commonwealth Army from December 8, 1941 until October 27, 1945. The government contends that plaintiffs action cannot be maintained because this court does not have jurisdiction to review adverse determinations of the Board of Veterans Appeals (bva). We agree and hold for the government.
Plaintiff further claims that while serving in the Armed Forces during World War II, he suffered an injury to his left ear which resulted in the permanent impairment of his hearing. Plaintiff filed an initial claim with the Veterans Administration (va) for benefits on May 23, 1949. On August 4, 1949, the Administrator of the VA determined that service connected status for plaintiffs ailment was unwarranted.
Some eleven years later plaintiff sought reconsideration by the Administrator; he thereafter appealed to the bva on November 4, 1960. The bva concluded that plaintiffs defective hearing pre-existed and was not aggravated by his service. Plaintiff thereafter was advised that the decision of the bva was final. Plaintiff, nevertheless, filed suit in this court on September 15,1980.
The government correctly maintains that this court has no jurisdiction either to award veterans benefits or to review actions of the va in administering the statute *898 providing for benefits. Powers v. United States, 212 Ct. Cl. 553, 555 (1976). We agree.
This case is governed by 38 U.S.C. §211(a) (1976), whereby the decision of the va Administrator on any question of law or fact regarding the granting of veterans benefits is final and conclusive.
Section 211(a) reads in its entirety:
(a) On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans’ Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.
Because plaintiff has not been able to overcome this threshold jurisdictional defense we find it unnecessary to reach defendant’s four other affirmative defenses pleaded in its answer.
it is therefore ordered after consideration of the submissions of the parties, without oral argument, defendant’s motion is granted. The petition is dismissed.