This military pay case comes before the court on the defendant’s motion to dismiss the plaintiffs petition for lack of jurisdiction.
While the plaintiff was a cadet at the United States Air Force Academy, he underwent knee surgery at the Academy Hospital. Although commissioned as an officer in the Air Force after his graduation on June 1,1977, the plaintiff soon was discharged because of the deterioration of his knees. Plaintiff alleges that he was advised by certain persons within the government, as well as by the Air Force Physical Evaluation Board, that he was ineligible for disability payments because, as a cadet in the Academy, he was not on active duty when the injury occurred. He asserts that, in reliance on this advice, he did not apply to the Veterans Administration ("va”) for disability benefits, but instead filed suit in the United States District Court for the District of Colorado, alleging negligence and carelessness in the treatment of his knee injury. During the suit, the government admitted that when the plaintiffs knee injury took place, he was on active duty for the purpose of claiming disability benefits.
The plaintiff then amended his complaint to state a cause of action for administrative abuse and equitable estoppel. The government moved to dismiss. The district court held that the plaintiffs amended petition stated a claim within its jurisdiction. The court authorized the plaintiff to apply to the va. The court retained jurisdiction to ascertain whether the government’s actions warranted applying the principle of estoppel, since the applicable statute provides that veterans’ benefits may be awarded only from the date of application when the application is filed more than one year following discharge.
The plaintiff filed his benefits application with the va on July 2,1981, more than three years after his discharge from *968 the Air Force. The va found the plaintiff to be 20 percent disabled. In accordance with the applicable statutory limitation that, where an application for disability benefits is received more than one year after discharge, "the effective date of an award based on an original claim, . . .shall not be earlier than the date of receipt of application therefor,” (38 U.S.C. §3010(a) (1976)) the va awarded the plaintiff benefits effective July 2,1981.
In his district court suit, the plaintiff sought more than $10,000, an amount reflecting the va benefits he would have received if he had applied to the va within a year of his discharge. Since the amount exceeded the district court’s jurisdictional limit under the Tucker Act (28 U.S.C. §1346(a)(2) (1976 & Supp. III 1979)), the court at the plaintiffs request transferred the case to this court pursuant to 28 U.S.C. §1406(c) (1976).
1. The va has no choice but to limit the plaintiffs disability benefits to the period beginning on the date on which the plaintiff filed his application for benefits. The statute quoted above unequivocably and explicitly so requires. It provides that where the application is received more than a year after discharge (as the plaintiffs application was), the "effective date of the awarding. . . .shall not be earlier than the date of receipt of application therefor.”
Moreover, to the extent the plaintiff is challenging the va’s refusal to depart from that limitation because of the facts of this case, we would have no jurisdiction to review that claim. 38 U.S.C. 211(a) (1976) would preclude us from reviewing that action. That provision makes decisions of the va "on any question of law or fact under any law administered by the Veterans’ Administration providing benefits for veterans. . .final and conclusive” and provides that no United States court "shall have power or jurisdiction to review any such decision. . . .” See, e.g., Baker v. United States, 225 Ct. Cl. 668 (1980); Powers v. United States, 212 Ct. Cl. 553 (1976).
The plaintiff attempts to avoid the statutory limitation upon payment of benefits for a period before the filing of an application on the theory that the government should be estopped from applying the statute because government officials advised him incorrectly that he was ineligible for *969 Veterans Administration benefits and that in reliance on those statements the plaintiff deferred filing an application with the va . None of those individuals, however, had any authority to waive the statutory limitations. Indeed, one of them, Mr. Gillikan, was not even a government employee but was an employee of the Disabled American Veterans, a non-government organization.
This aspect of the case is controlled by Schweiker v. Hansen, 450 U.S. 785 (1981). In that case, an employee of the Social Security Administration incorrectly advised the respondent there that she was not eligible for benefits and failed to advise her of the necessity of filing a written application as a prerequisite to receiving benefits. The respondent subsequently discovered that she was eligible for benefits and upon filing a written application she began to receive them. She then filed suit seeking retroactive benefits for a period during which her failure to file a written application disqualified her under the regulations. The Court of Appeals for the Second Circuit held that the government employee’s conduct estopped the government. The Supreme Court reversed. It stated:
Congress expressly provided in the Act that only one who "has filed application” for benefits may receive them, and it delegated to petitioner [the Secretary] the task of providing by regulation the requisite manner of application. A court is no more authorized to overlook the valid regulation requiring that applications be in writing than it is to overlook any other valid requirement for the receipt of benefits.
Id. at 790.
The present case is an even stronger one than Hansen for rejecting estoppel. In Hansen the plaintiff sought to estop the government against enforcement of a regulation and the Court held that the government was not estopped from doing so because of its employee’s conduct. A fortiori, such conduct cannot estop the government from applying an act of Congress. The plaintiff cannot excuse his delay in filing his application for benefits with the va because of statements by government officials that he was ineligible for the benefits.
*970 2. The plaintiff has conceded in his brief in opposition to the defendant’s motion to dismiss that the balance of his claim, as set forth in the second claim for relief in the petition, sounds in tort and therefore is not within the jurisdiction of this court under 28 U.S.C. §1491 (Supp. Ill 1979). He urges that this part of the case should be transferred back to the district court. The government counters that the district court could not grant the plaintiff relief on his tort claims and that retransferring to the court accordingly would not "be in the interest of justice,” which is the standard in 28 U.S.C. §1506 (1976) governing the transfer of cases by this court to another court.
We agree with the defendant and decline to retransfer the case. The plaintiffs tort claims rest upon two theories, under neither of which the plaintiff could recover under the Federal Tort Claims Act.
First, the plaintiff contends that the government was negligent in its medical treatment of him. As the district court held in this case, this claim is barred by Feres v. United States, 340 U.S. 135 (1950), in which the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.” Id. at 146.
Second, the plaintiff contends that the statements by government officials that the plaintiff was ineligible for va benefits constituted misrepresentations, for which the government is liable. To the extent that this contention is something other than the estoppel claim that we have rejected, it is barred by the exception in the Tort Claims Act for claims arising out of "misrepresentation.” 28 U.S.C. 2680(h) (1976). Retransfer of this case to the district court accordingly would not be in the interest of justice. Cf. Goewey v. United States, 222 Ct. Cl. 104, 108, 612 F.2d 539, 541 (1979).
Although the defendant captions its motion as one to dismiss, it rests in part upon material outside the pleadings. We therefore treat it as a motion for summary judgment under Rule 101. The motion is granted and the petition is dismissed.
*971 Plaintiffs petition for a writ of certiorari was denied January 10,1983.