This veterans benefits case is before the court on defendant’s motion to dismiss pursuant to Rule 38(b) of this court on the ground this court lacks jurisdiction over the subject matter of plaintiffs’ claim. After careful consideration of the parties’ submissions and without oral argument, we deny the defendant’s motion.
Plaintiff John F. O’Connell is a totally disabled veteran who has been assigned such a rating by the Veterans Administration (VA) at all times relevant to this lawsuit. Plaintiffs allege that Mr. O’Connell’s VA disability payments were not subject to deduction by reason of charges for hospitalization or medical care. Plaintiffs further allege that Mr. O’Connell was adjudicated to be incompetent by the VA in 1980 and that he was subsequently transferred to the New Jersey Memorial Home for Disabled Veterans (Home) at Menlo Park, a state-operated facility. Plaintiffs claim that it was the VA’s responsibility to defray the costs of Mr. O’Connell’s stay at the Home and that the VA has failed and refused to pay. As relief, plaintiffs seek reimbursement for approximately $11,000 they allegedly paid to the Home.
The defendant contends that this court lacks jurisdiction over the claim set forth in the plaintiffs’ petition. Because the petition contains no jurisdictional statement and relies on no specific statute or regulation as a basis for the reimbursement sought, the defendant believes it should be deemed to be a petition seeking judicial review of an administrative decision by the VA denying their claimed right to benefits. If such is the case, then review is barred by 38 U.S.C. § 211(a) (1976). Section 211(a) states:
*1051 On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans’ Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise. See also Powers v. United States, 212 Ct.Cl. 553 (1976); Minimo v. United States, 230 Ct.Cl. 896 (1982); Armstrong v. United States, 230 Ct.Cl. 966 (1982), cert. denied, 459 U.S. 1102 (1983). Accord, Johnson v. Robison, 415 U.S. 361 (1974).
However, the record does not show that the VA ever considered or denied the plaintiffs’ claim that the VA must pay the cost of Mr. O’Connell’s stay at the Home. Indeed, the plaintiffs may not have made this claim before the VA. Moreover, the defendant, which could have provided proof that the VA denied the claim, has not done so. Accordingly, we deny the defendant’s motion to dismiss on the ground that the defendant has not shown that the plaintiffs are seeking review of a decision of the VA.
it is therefore ordered that defendant’s motion to dismiss be and is hereby denied without prejudice.