**Samuel SLOTNICK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 324–85C.**

United States Claims Court.

Sept. 30, 1985.

Samuel Slotnick, Chelsea, Mass., plaintiff pro se. Lester Slotnick, Winthrop, Mass., power of atty., for plaintiff.

George M. Beasley, III, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

REGINALD W. GIBSON, Judge:

The plaintiff, Army Air Force veteran Samuel Slotnick, appears in this action *pro se*[1] seeking retroactive disability compensation for an allegedly defective 1949 veterans' benefits determination. Plaintiff also alleges that due to the erroneous disability benefits determination, his medical treatment has been less than adequate, causing his condition to degenerate, for which he seeks an award for future medical care. Defendant, without addressing the merits of plaintiff's claim, has asserted that plaintiff's claims are barred equally by this court's six-year statute of limitations, 28 U.S.C. § 2501,[2] and the "no review" provision of 38 U.S.C. § 211(a).[3] We agree with defendant on both points, and because each

---

1. Plaintiff's complaint was filed by his legal representative, Lester Slotnick, upon the authority of a power of attorney filed with the Veterans Administration's Regional Office in Boston, Massachusetts.

2. 28 U.S.C. § 2501 (1982) provides:
   Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

3. The "no review" provision of 38 U.S.C. § 211(a) (1982) states:

   (a) On and *after October 17, 1940,* except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, *the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans* and their dependents or survivors *shall be final and conclusive and no* other official or any *court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.* (Emphasis added.)

of these statutes imposes a bar on this court's jurisdiction, relative to the issues raised by the complaint, we grant the defendant's motion and dismiss this action.

## FACTS

From the submissions of the parties, the following facts are found not to be in dispute. The plaintiff is a former member of the U.S. Army Air Force who served on active duty from April 1943 through November 15, 1944. Plaintiff's clinical record, relating to his discharge, states that plaintiff's separation was recommended due to a diagnosis of idiopathic epilepsy.

Following his discharge, plaintiff applied for and was awarded by the Veterans Administration (VA) monthly monetary disability payments effective April 18, 1949. The letter notifying plaintiff of his award explained that "[t]his award has been made to you for: Service connected disability of 10% for your nervous condition." Plaintiff was further informed that should he not agree with the award he had a right to appeal to the VA Regional Office in Boston within one year.

Some *thirty-four years later*, on June 6, 1983, plaintiff approached the VA for a reopening of his claim due to ongoing epileptic seizures that had then resulted in plaintiff losing his job. The doctor for the VA examined the plaintiff and submitted a current diagnosis stating plaintiff's condition as a "generalized seizure disorder" concurrent with "diabetic autonomic neuropathy and peripheral polyneuropathy." Based upon that diagnosis, plaintiff's disability compensation award was raised to a 20% disability on August 9, 1983, with a higher monthly benefit payment.

From the 20% disability rating issued on August 9, 1983, plaintiff formally appealed to the Board of Veterans Appeals (BVA) in February of 1984. In his petition, plaintiff stated he sought "his rightful benefits" from April 14, 1949. The BVA, however, construed plaintiff's appeal to be a claim for an entitlement for an "increased rating for generalized seizure disorder." Upon examination of plaintiff's case, the BVA denied plaintiff's appeal and refused to upgrade plaintiff's entitlement on January 16, 1985.

On January 30, 1985, plaintiff again sought VA benefits stemming from his 1949 illness. This time, however, the claim was characterized by the VA as a "claim for service connection for cerebellar degeneration secondary to seizure disorder." This allegation appears to relate to the further degeneration of plaintiff's condition occurring since the previous August 9, 1983 VA determination. No copies of this claim, nor the record of plaintiff's subsequent examination on March 18, 1985, however, have been filed with the court. Plaintiff's January 30, 1985 claim was denied by the VA on May 2, 1985, and plaintiff received notification by letter dated May 21, 1985.

On May 24, 1985, plaintiff filed a notice of disagreement with the VA requesting copies of any evidence relied on by the VA in denying plaintiff's January 30, 1985 claim. The VA responded with a "Statement of the Case" on June 25, 1985, containing a summary of the evidence and a schedule of the laws and regulations involved. The statement also contained an appeal form.

In the meantime, on May 25, 1985, plaintiff wrote to the BVA requesting further relief from the May 21, 1985 denial. Plaintiff, shortly thereafter, also filed a complaint in this court on May 30, 1985, seeking various monetary and medical benefits. Kenneth E. Eaton, Chairman of the BVA, responded to plaintiff's May 25, 1985 letter on June 20, 1985. Therein, Mr. Eaton stated that "[i]n view of the matters presented, I am recalling the Claims folder from the Boston Regional Office, and I will be in touch with you later." No further facts are available following Mr. Eaton's letter.

The parties have filed cross-motions for summary judgment, each alleging the absence of genuine issues of material fact, and, concomitantly, requesting judgment as a matter of law. In the subsequent preliminary proceedings before this court, the

defendant has also moved for and was granted a protective order staying discovery on August 6, 1985.

## DISCUSSION

Defendant has raised two dispositive jurisdictional issues in its motion for summary judgment. These are: (1) Whether plaintiff is barred from obtaining relief in this court pursuant to the "no review" provision of 38 U.S.C. § 211(a) (1982), *see supra* note 3; and (2) whether plaintiff's over thirty-six year old claim is simultaneously barred from consideration by this court by the six-year statute of limitations contained in 28 U.S.C. § 2501 (1982), *see supra* note 2. Since we find these two claims equally persuasive, we grant defendant's motion, as previously stated, and, therefore, do not reach the merits of plaintiff's motion. Plaintiff's cross-motion is, consequently, denied.

### A. The "No Review" Statute

The long and questionable history of the VA "no review" statute is well documented by the courts and the commentators.[4] *See Cunningham v. United States,* 549 F.2d 753, 212 Ct.Cl. 451 (1977); *Johnson v. Robison,* 415 U.S. 361, at 372, 94 S.Ct. 1160, at 1168, 39 L.Ed.2d 389 (1974); *Wickline v. Brooks,* 446 F.2d 1391 (4th Cir.1971), *cert. denied,* 404 U.S. 1061, 92 S.Ct. 749, 30 L.Ed.2d 750; *Napier v. Veterans Administration,* 187 F.Supp. 723 (D.N.J.1960),

*aff'd,* 298 F.2d 445 (3d Cir.1962), *cert. denied,* 371 U.S. 186, 83 S.Ct. 266, 9 L.Ed.2d 228. *See also* F. Davis, *Veterans Benefits, Judicial Review, and the Constitutional Problems of "Positive" Government,* 39 Ind.L.J. 183 (1964). Except for those challenges based on the constitutionality of the veterans' benefit legislation, *Johnson,* 415 U.S. at 366–74, 94 S.Ct. at 1165–69, or regulations promulgated under that legislation, *University of Maryland v. Cleland,* 621 F.2d 98 (4th Cir.1980); *Wayne State University v. Cleland,* 590 F.2d 627 (6th Cir.1978), the result has uniformly been established that § 211(a) expressly restricts the jurisdiction of the federal courts by precluding review of VA benefit determinations. The same result has likewise obtained in Court of Claims precedent, which is binding on this court. *See Armstrong v. United States,* 230 Ct.Cl. 966 (1982), *cert. denied,* 459 U.S. 1102, 103 S.Ct. 723, 74 L.Ed.2d 949 (1983); *Minimo v. United States,* 230 Ct.Cl. 896 (1982); *Baker v. United States,* 225 Ct.Cl. 668 (1980); *Cunningham,* 549 F.2d at 753.[5]

The legislative history of § 211 is rather scant. Nevertheless, from what is available, two general purposes seem to underly the "no review" procedure. The first is, not surprisingly, a monetary consideration. Basically, the provision was enacted to prevent the added administrative and judicial costs of potentially voluminous and possibly protracted litigation involving

---

4. *See* 38 U.S.C. § 211(a) (1982) reproduced *supra* note 3. While codified in 1958 as part of the newly added title 38 related to veterans' benefits, the "no review" concept originated well before that date in two other pieces of legislation. First is the 1933 Economy Act which read:

All decisions rendered by the Administrator of Veterans Affairs under the provisions of this title, or the regulations issued pursuant thereto, *shall be final and conclusive on all questions of law and fact, and no other* official or *court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision.* (Emphasis added.) 48 Stat. 9 (1933). Second, there is the parallel language adopted in 1940 as an amendment to

the Pensions, Bonuses, and Relief Act, 43 Stat. 610 (1924), which read:

Notwithstanding any other provisions of law ... the *decision of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under this or any other Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision.* (Emphasis added.) 54 Stat. 1197 (1940).

5. Our research has discovered only one case before the Claims Court which has dealt expressly with a 38 U.S.C. § 211(a) situation, *i.e.,*

veterans' benefit claims.[6] Second, and closely related, was to prevent the technical and complex medical determinations engendered in such claims from burdening the courts with the obligation of judicial review.[7] While in the lengthy history of this act the Supreme Court has repeatedly declined to balance these considerations against what would appear to be some apparent due process defects,[8] the "no review" provisions remain "good law" for purposes of binding federal jurisprudence. In other words, like many courts before it, absent an express constitutional challenge, this court is bound to apply the law as it finds it.

■ Reviewing plaintiff's claims in relation to § 211(a), it is clear beyond cavil that plaintiff is barred from any relief in this court as a matter of law. The relief plaintiff has requested is substantively linked to its claim that both the VA and the BVA wrongly passed on the degree of plaintiff's disability, and hence its entitlement. Under § 211(a), to the extent these claims seek an award of veterans' benefits or to review VA or BVA determinations, this court is without jurisdiction. This result obtains regardless of plaintiff's confusion and protest over the defendant's characterization of its claim as a "nervous condition," a "generalized seizure disorder," "cerebellar degeneration secondary to seizure disorder," rather than the originally diagnosed idiopathic epilepsy.

## B. Statute of Limitations

Defendant's second alleged bar to plaintiff's claim is the more general statute of limitations defense. In this court, the limitations period is six years, as provided for by 28 U.S.C. § 2501 (1982). Even assuming arguendo, plaintiff's claim is not barred by the "no review" provision discussed supra, section 2501 represents a similar jurisdictional impediment with which the plaintiff must contend.

■ Under applicable case law, a plaintiff's monetary claim related to a military discharge accrues at the date of separation from the service. Diamond v. United States, 344 F.2d 703, 170 Ct.Cl. 166 (1965). Other courts, however, have held that a plaintiff's claim for disability benefits related to discharge does not arise until the first adverse benefit determination. Kingsley v. United States, 172 Ct.Cl. 549 (1965); Dye v. United States, 166 Ct.Cl. 540 (1964). Applying the shorter period, plaintiff's claim was still at a minimum thirty-six years old at the date it was filed in this court. Under either accrual method, therefore, the six-year statute had clearly run.

■ Plaintiff's only possible reprieve from the statute of limitations defense would have been the existence of some legally sufficient disability in effect at the time of plaintiff's discharge. Goewey v. United States, 612 F.2d 539, 222 Ct.Cl. 104 (1979); Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). Plaintiff, however, in its petition alleges no such disability to toll the statute. Moreover, while the record is indeed not supportive of such a claim, we are mindful of the strict construction of exceptions to statutes of limitations as a waiver of sovereign immunity, and therefore will not speculate. See Bevelheimer v. United States, 4 Cl.Ct. 558 (1984); Bonen v. United States, 666 F.2d 536, 229 Ct.Cl. 144 (1981), cert. denied, 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1982).[9]

Gerber v. United States, 2 Cl.Ct. 311, 319 n. 2 (1983).

6. Hearing on H.R. 360, 478, 2442 and 6777 before the House Committee on Veterans' Affairs, 82nd Cong., 2d Sess., 1963 (1952).

7. Id. at 1962–63.

8. See, e.g., DeRodulfa v. United States, 461 F.2d 1240 (D.C.Cir.), cert. denied, 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972); Holley v. United States, 352 F.Supp. 175 (D.C.Ohio 1972), aff'd, 477 F.2d 600 (6th Cir.), cert. denied, 414 U.S. 1023, 94 S.Ct. 446, 38 L.Ed.2d 314 (1973).

9. In order to cover all bases of liability possibly raised by plaintiff's somewhat vague complaint, we acknowledge that should plaintiff also be alleging some sort of tortious malpractice on the part of VA doctors, this court is equally without jurisdiction. See 28 U.S.C. § 1491 (1982). As such claims are ones "sounding in

## CONCLUSION

We find, as a matter of law, that plaintiff's claim is barred from consideration by this court under the limitations provided both by 38 U.S.C. § 211(a) (1982) and 28 U.S.C. § 2501 (1982). Consequently, defendant's motion for summary judgment is granted, and plaintiff's cross-motion is denied. The Clerk shall dismiss the plaintiff's complaint.

IT IS SO ORDERED.

See also, D.C., 621 F.Supp. 1122.

tort," they are not properly within this court's subject matter jurisdiction. *Armstrong v. United States,* 230 Ct.Cl. 966 (1982). Moreover, as the court in *Feres v. U.S.,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), has held "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service," we decline to recommend the transfer of plaintiff's petition to the United States district court. *See Armstrong,* 230 Ct.Cl. at 970.